LUIS ROMAN

V.

ILLINOIS STATE "ILLINOIS"
DEPARTMENT OF CORRECTIONS
LAWRENCE CORRECTIONAL CENTER
WARDEN DEANNA M. BROOKHART

CIRCUIT COURT
CASE NUMBER : 18-CF-72
HONORABLE. JENNIFER H.
BAUKNECHT
JUDGE PRESIDING

23-1458

**FILED**

DEC 27 2023

CLERK OF COURT
U.S. DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

PLACE OF CONFINEMENT: LAWRENCE CORRECTIONAL CENTER
             10930 LAWRENCE ROAD
             SUMNER. ILLINOIS  62466

ATTORNEY GENERAL : KWAME RQUOL
          ATTORNEY GENERAL
          100 WEST RANDOLPH ST., 12TH FLOOR
          CHICAGO ILLINOIS 60601

PETITION UNDER 28 USC § 2254 FOR WRIT OF HABEAS CORPUS BY A
PERSON IN STATE CUSTODY

## PETITION

1. THE COURT WHICH ENTERED THE JUDGMENT OF CONVICTION UNDER
ATTACK: LIVINGSTON COUNTY COURT HOUSE
       110 NORTH MAIN STREET
       PONTIAC, ILLINOIS  61764

2. DATE OF JUDGMENT OF CONVICTION?
   JUNE 8TH 2020

3. LENGTH OF SENTENCE: 12 YEARS

4. NATURE OF OFFENSE INVOLVED? 720 ILCS 5/12-3.05 (d)(4)(i)
   AGGRAVATED BATTERY

5. MY PLEAD WAS: NOT GUILTY

6. IF YOU PLEADED NOT GUILTY, WHAT KIND OF TRIAL DID YOU HAVE?
   BENCH TRIAL

7. DID YOU TESTIFY AT THE TRIAL? YES

8. DID YOU APPEAL FROM THE JUDGMENT OF CONVICTION? YES

9. IF YOU DID APPEAL, ANSWER THE FOLLOWING:

(A) NAME OF COURT:
   IN THE APPELLATE COURT OF ILLINOIS FOURTH DISTRICT

(B) RESULT:
   AFFIRM THE TRIAL COURT'S JUDGMENT

(C) DATE OF RESULT AND CITATION, IF KNOWN:
   MARCH 24TH 2022 ; PEOPLE V. ROMAN, 2022 IL APP (4TH) 200414-U

(1)

(D) GROUNDS RAISED: (1) THE TRIAL COURT DENIED HIS CONSTITUTIONAL RIGHT TO REPRESENT HIMSELF A TRIAL; AND; (2) HIS 12-YEAR SENTENCE WAS EXCESSIVE

(E) IF YOU SOUGHT FURTHER REVIEW OF THE DECISION ON APPEAL BY A HIGHER STATE COURT. PLEASE ANSER THE FOLLOWING:

(1) NAME OF COURT: ILLINOIS SUPREME COURT

(2) RESULT: DENIED

(3) DATE OF RESULT AND CITATION, IF KNOWN: I BELIEVE ITS "PEOPLE V. ROMAN 12&402" AND DOR: NOVEMBER 2ND 2022 THE DATE OF RESULT AND CITATION IS UNKNOWN DO TO PONTIAC CORR. CTR. INTERFERRING WITH MY FIRST PETITION FOR CERTIORARI, WHICH DIDNT MAKE IT TO THE: SUPREME COURT OF THE UNITED STATES WASHINGTON, DC 20543-0001; SEE, OFFENDER'S GRIEVANCE NUMBER# 101660. HERE ATTACHED TO THIS "PETITION FOR WRIT OF HEBEAS CORPUS BY A PERSON IN STATE CUSTODY".

(4) GROUNDS RAISED: UNKNOWN BECAUSE I DIDN'T POSSESS A COPY OF THE ACTUAL "PETITION TO LEAVE TO APPEAL", DO TO THE SAME REASONS MENTION ABOVE IN PARAGRAPAH (3).

(F) IF YOU FILED A PETITION FOR CERTIORARI IN THE UNITED STATES SUPREME COURT, PLEASE ANSWER THE FOLLOWING WITH RESPECT TO EACH DIRECT APPEAL:

(1) NAME OF COURT: SUPREME COURT OF THE UNITED STATES
                    OFFICE OF THE CLERK
                    WASHINGTON, DC 20543-0001

(2) RESULT: DENIED

(3) DATE OF RESULT AND CITATION, IF KNOWN:
DOR: OCTOBER 2ND 2023 ; CITATION: LUIS ROMAN V. ILLINOIS
NO. 23-5227

(4) GROUNDS RAISED: (1) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL; (2) PROSECUTOR MISCONDUCT; (3) ABUSE OF COURT DISCRETION; (4) ACTUAL INNOCCENCES; (5) ABUSE OF ILLINOIS SUPREME COURT DISCRETION; (6) ABUSE OF ILLINOIS APPELLATE COURT DISCRETION.

10. OTHER THAN A DIRECT APPEAL FROM THE JUDGMENT OF CONVICTION AND SENTENCE, HAVE YOU PREVIOUSLY FILED ANY PETITIONS, APPLICATIONS, OR MOTIONS WITH RESPECT TO THIS JUDGMENT IN ANY COURT. STATE OR FEDERAL? YES

11. IF YOUR ANSWER TO 10 WAS "YES", GIVE THE FOLLOWING INFORMATION:

(A)(1) NAME OF COURT: LIVINGSTON COUNTY COURTHOUSE
                      110 NORTH MAIN STREET
                      PONTIAC, ILLINOIS 61764

(2)

(2) NATURE OF PROCEEDING:

(3) GROUNDS RAISED:

1. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL;

2. THAT LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY AND BLANTANTLY USED FALSE, PERJURED TESTIMONY OF C/O ANTON R. FRAZIER, C/O STEVEN TUTOKY, AND, LT. ADRIAN CORLEY TO OBTIAN AN WRONGFUL, MALICIOUS CONVICTION, PROSECUTOR MISCONDUCT FOR NOT DISCLOSING EXCULPATORY & EXONERATING EVIDENCE, AND, STILL PROSECUTING THE CASE UNDER THE MALICIOUS PROSECUTOR & INVINDICTIVE PROSECUTION STANDARDS;

3. ABUSE OF LIVINGSTON COUNTY TRIAL COURT DISCRETION / TRIAL COURT ERROR;

4. INEFFECTIVE ASSISTANCE OF THE APPELLATE COUNSEL ASSISTANCE ON APPEAL;

5. PETITIONER HAS OBTAIN NEWLY DISCOVERED EVIDENCE WHICH PROVES PERJURY & IT'S EXONERATING / EXCULPATORY EVIDENCE IN NATURE OF THE ALLEDGED OFFENSE OF AGGRAVATED BATTERY, AND, THE ADMISSION OF PERJURY, AND, CONSISTENT PERJURED TESTIMONY;

6. ACTUAL INNOCENNECE.

(4) DID YOU RECIEVE AN EVIDENTORY HEARING ON YOUR PETITION, APPLICATION OR MOTION? NO

(5) RESULT: DISMISSED

(6) DATE OF RESULT: SEPTEMBER 22ND 2021

(b) AS TO ANY SECOND PETITION, APPLICATION OR MOTION GIVE THE SAME INFORMATION:

(1) NAME OF COURT: NOT APPLICABLE

(2) NATURE OF PROCEEDING: NOT APPLICABLE

(3) GROUNDS RAISED: NOT APPLICABLE

(4) DID YOU RECIEVE AN EVIDENTIARY HEARING ON YOUR PETITION, APPLICATION OR MOTION? NOT APPLICABLE

(5) RESULT: NOT APPLICABLE

(6) DATE OF RESULT: NOT APPLICABLE

(c) DID YOU APPEAL TO THE HIGHER STATE COURT HAVING JURISDICTION THE RESULT OF ACTION TAKEN ON ANY PETITION, APPLICATION OR MOTION?

(i) FIRST PETITION, ETC.: YES

(d) IF YOU DID NOT APPEAL FROM THE ADVERSE ACTION ON ANY PETITION, APPLICATION OR MOTION, EXPLAIN BRIEFLY WHY YOU DID NOT:

I DID APPEAL SEE:
PEOPLE V. ROMAN. 2022 IL APP (4TH) 210591-U

(3)

12. GROUND ONE:
(A) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

SUPPORTING FACTS:
THAT DO TO COUNSEL NOT PROVIDING ADEQUATE ASSISTANCE OF COUNSEL / OR THE REASONABLE ASSISTANCE OF COUNSEL, WHEN ~~COUNSEL~~ FAILED TO PRESENT PROPER IMPEACHMENT GROUNDS WHEN IT CAME TO %ANTON R. FRAZIER; %STEVEN TUTORY; AND; LT. ADRIAN CORLEY; KNOWINGLY AND BLANTANTLY PERJURED THEMSELF ON THE STAND AT THE BENCH TRIAL REGARDING THERE ACTION OF ACTION(S) OF ATTACKING ME, PUNCHING ME IN THE FACE; UFC KICKING MY LEFT HAND IN THE CUFFING HATCH; CHOCKING ME; BENDING FINGERS AND BENDING HAND'S; AND; CLEANING THE CUFFING HATCH OFF OF ALL MY BLOOD THAT WAS ON IT; AND; THEN THE WHITE BATH TOWEL BEING GIVEN TO LT. ADRIAN CORLEY WIPPING OFF HIS FOREARMS OFF WERE HE THOUGHT THE CAMERA WILL NOT SEE HIM WIPPING OFF HIS FOREARM OFF WITH THE BATH TOWEL AND THEN BEING GIVEN AN GREEN SUICIDE SMOCK TO COVER THE WHITE BATH TOWEL LT. ADRIAN CORLEY USED ~~WILL~~ TO WIPE THE CUFFING HATCH ~~OFF~~ CLEAN OF MY BLOOD AND HIS (LT. ADRIAN CORLEY) FOREARMS CLEAN OF MY BLOOD, INORDER TO WALK OFF THE GALLERY AND THE CAMERA'S WILL NOT SEE THE BLOODLY WHITE BATH TOWEL OR HIS FOREARMS THAT WAS COVERED IN MY BLOOD FROM MY LEFT HAND PINKY FINGER; AND; ~~XXXX~~ %ANTON R. FRAIZER ~~XXXX~~ FALSIFYING LEGAL DOCUMENTS ~~INORDER~~ INORDER TO SAY I BITE (%ANTON R. FRAIZER) HIS LEPT FOREARM. AND, FURTHERMORE. NOT ARGUING OR FILING MOTION(S) SHOWING THAT %ANTON R. FRAIZER NOT FILING AN "WORKERS COMPENSATION PACKET", OR, THAT %ANTON R. FRAIZER DID NOT GO TO PONTIAC, ILLINOIS ST. JAMES HOSPITAL TO GET AN TETANUS SHOT ADMINISTORED TO HIM.

THAT FURTHERMORE TRIAL COUNSEL NEVER MADE ME AWARE THAT HE TRIAL COUNSEL DID NOT ~~XXXX~~ INTERVIEW OR INVESTIGATE MY WITNESSES, OR, INVESTIGATE ANY LEAD'S I GAVE HIM. AS PART OF HIS PRETRIAL INVESTIGATION.

THAT FURTHERMORE TRIAL COUNSEL NEVER MADE ME AWARE THAT HE TRIAL COUNSEL OUT OF MY PRESENT PARTICIPATED IN AN IN COURT PSYCHOLOGICAL EVALUATION WERE HE TOLD TRIAL COURT JUDGE THAT I NO LONGER PROCEED AN INSANTY DEFENSE AND HE DID NOT BELIEVE THERE WAS AN SANITY ISSUE, AND, SINCE TRIAL COUNSEL DIDN'T MAKE ME AWARE, I COULDN'T BRING UP TO THE TRIAL COURT THAT I WANTED TO RE-EXCIERCISE MY RIGHT TO SELF REPERSENTATION.

THAT TRIAL COUNSEL FAILED TO ~~XXX~~ FILE MOTION ARGUING INDICTMENT WAS INVALID UNDER 725 ILCS 5/109-3.1 (B) SECTION 109-3, AND, OR SECTION 111-2.

THAT TRIAL COUNSEL FAILED TO PRESENT CAMERA FOOTAGE TO SET FOUNDATION FOR IMPEACHMENT GROUNDS.

(4)

GROUND TWO:

(B) THAT LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY AND BLANTANTLY USED FALSE, PERJURED TESTIMONY OF %ANTON R. FRAZIER, % STEVEN TUTOKY, AND, LT. ADRIAN CORLEY TO ~~~~~~~ OBTIAN AN WRONGFUL MALICIOUS CONVICTION, PROSECUTOR MISCONDUCT FOR NOT DISCLOSING EXCULPATORY & EXONERATING, AND, STILL PROSECUTING THE CASE UNDER THE MALICIOUS PROSECUTOR & INVINDICTIVE PROSECUTION STANDARDS

SUPPORTING FACTS:

THAT DO TO LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY AND BLANTANTLY USED FALSE PERJURED TESTIMONY WHEN %ANTON R. FRAZIER; %STEVEN TUTOKY; AND; LT. ADRIAN CORLEY; KNOWINGLY AND BLANTANTLY ~~~~~~~ AND BLANTANTLY PERJURYING THEMSELF ON THE STAND AT THE BENCH TRIAL REGARDING THERE ACTION(S) OF ATTACKING ME, PUNCHING ME IN THE FACE; UFC KICKING MY LEFT HAND IN THE CUFFING HATCH~~~; CHOCKING ME; BENDING MY FINGER'S AND BENDING MY HANDS; AND; CLEANING THE CUFFING HATCH OFF OF ALL MY BLOOD THAT WAS ON IT; AND; THEN THE WHITE BATH TOWEL BEING GIVEN FOR ~~ LT. ADRIAN ~~~~~~~ CORLEY WIPPING OFF HIS FOREARMS OFF OF MY BLOOD THAT GOT ON HIS FOREARMS FROM HIS UFC KICKING OF MY LEFT HAND IN THE CUFFING HATCH WERE HE THOUGHT THE CAMERA WOULD NOT SEE HIM WIPPING OFF HIS FOREARM OFF WITH THE BATH TOWEL AND THEN BEING GIVEN AN GREEN SUICIDE SMOCK TO COVER UP THE WHITE BATH TOWEL LT. ADRIAN CORLEY USED TO WIPE ~~~~ OFF ~~~~~~~~~ HIS FOREARMS "SHORTLY AFTER MAJOR ~~~~ S. PRENTICE WIPPING OFF THE BLOODLY CUFFING HATCH AND MAJOR S. PRENTICE GIVING ~~ LT. ADRIAN CORLEY AN GREEN SUICIDE SMOCK TO COVER UP THE ~~~~~~~~~~ BLOODLY BATH TOWEL TO WALK OFF THE GALLERY AND THE CAMERA'S WILL NOT SEE THE BLOODY BATH TOWEL OR, HIS FOREARMS THAT WAS COVERED IN MY BLOOD FROM MY LEFT HAND PINKY FINGER; AND; %ANTON R. FRAZIER FALSIFYING LEGAL DOCUMENTS INORDER TO SAY I BITE HIM (%ANTON R. FRAZIER) ~~~~~~~~~~~ ON HIS LEFT FOREARM, AND, FURTHERMORE THAT %ANTON R. FRAZIER DID FILE AN WORKER COMPENSATION PACKET, OR, THAT %ANTON R. FRAZIER DID GO TO PONTIAC, ILLINOIS ST. JAMES HOSPITAL TO GET AN TETANUS SHOT ADMINISTORED TO HIM.

THAT THE LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY AND BLANTANTLY DISREGARDED "725 ILCS 5/109-3.1 (B), UNDER SECTION 109-3.1(AN INDICTMENT BY GRAND JURY AS PROVIDED IN SECTION 111-2. WITHIN 60 DAYS FROM THE DATE HE OR SHE WAS ARRESTED. MAKING THE INDICTMENT INVALID AND ~~~~~~~~~~~ UNEXCUTIABLE AND IN ~~~~~~~ VIOLATION OF 725 ILCS 5/ 109-3.1 (B), DO TO THE LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY EXCUTING AN INDICTMENT PASSED THE 60 DAYS FROM THE DATE HE WAS ARRESTED.

(C)
GROUND THREE:
ABUSE OF LIVINGSTON COUNTY TRIAL COURT DISCRECTION/TRIAL COURT ERROR.

SUPPORTING FACTS:

(5)

PETITIONER TO REPERSENT HIS SELF, AND, DENING PETITIONER TO FIRE COUNSEL
SCOTT R. RIPLEY, AND, WHEN NOT READDRESSING THE MENTAL HEALTH EVALUATION
OF PETITIONER MENTAL HEALTH ILLNESS. ~~PROCESSING CONDUCTION BY TRIAL~~
~~COURT~~. BECAUSE TRIAL COUNSEL SCOTT R. RIPLEY PARTICIPATED IN AN MENTAL
HEALTH EVALUATION ~~OF~~ PSYCHOLOGICAL HEARING WERE TRIAL COUNSEL TOLD
TRIAL COURT JUDGE ~~THAT~~ OUT OF MY PRESENT'S THAT ~~IN~~ HE NO LONGER
SAW AN ISSUE OF INSANITY WITH ME AFTER REVIEWING MY MENTAL
HEALTH RECORDS, AND, HE DID NOT BELIEVE THERE WAS AN INSANITY
ISSUE, AND, SINCE TRIAL COUNSEL DIDN'T MAKE ME AWARE THIS
HEARING TOOK PLACE OUT OF MY PRESENCE SO I RE-EXCERCISE MY
RIGHT TO SELF REPRESENTATION, AND, FURTHERMORE ON JUNE 8TH 2020 BRENCH TRIAL
WERE TRIAL COURT FOUND DISCREPENCY IN STATE WITNESSES TESTIMONY BUT STILL FOUND
(D) ~~ME~~ GUILTY BEYOND REASONABLE DOUBT.

GROUND FOUR:
INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL ASSISTANCE ON APPEAL

SUPPORT FACTS:
THAT APPELLATE COUNSEL SALOME KIWARA-WILSON WAS INEFFECTIVE IN
HER ASSISTANCE OF APPELLATE COUNSEL, WHEN APPELLATE COUNSEL TOLD ME
SHE WASN'T FILING AN CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL
COUNSEL ON TRIAL COUNSEL SCOTT R. RIPLEY FOR HIS FAILURE TO CONDUCT
AN PRE-TRIAL INVESTIGATION AND INTERVIEWING WITNESSES DISCLOSED
TO TRIAL COUNSEL PRIOR TO TRIAL COUNSEL BEGINING TRIAL ON ~~MONTH~~
APRIL 29TH 2019, WITNESSES ARE "RICKY FRANKS #BB1668; ROZELLE PULLMAN #
R66557; RALPH KINGS #M023363; HENRY MOUNSON #N73406; DANARIOUS KELLY #
M07356"

THAT FURTHERMORE APPELLATE COUNSEL SALOME KIWARA-WILSON WAS INEFFECTIVE
IN ~~HER~~ HER ASSISTANCE OF APPELLATE COUNSEL, WHEN APPELLATE COUNSEL TOLD ME
SHE WASN'T FILING AN CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL
SCOTT R. RIPLEY FOR HIS FAILURE TO PRESENT VIDEO CAMERA SURVAILLANCE
FOOTAGE ON THE GROUNDS & PRESENTATION OF IMPEACHMENT OF WITNESSES
INCONSISTANCE & PERJURED TESTIMONY'S OF STATES WITNESSES. DATES OF
TRIAL COUNSEL INEFFECTIVE ASSISTANCE OF COUNSEL ON APRIL 29TH 2019 (C/O ANTON
R. FRAZIER TRIAL TESTIMONY COURT DATE) AND ON AUGUST 26TH 2019 (C/O STEVEN
TUTOKY TRIAL TESTIMONY COURT DATE)

THAT FURTHERMORE APPELLATE COUNSEL SALOME KIWARA-WILSON WAS INEFFECTIVE
IN HER ASSISTANCE OF APPELLATE COUNSEL, WHEN THE APPELLATE COUNSEL TOLD
ME ONCE I REQUESTED APPELLATE COUNSEL TO FILE AN CLAIM OF JUDICIAL
NOTICE, THAT SHE TOLD ME SHE WASN'T FILING AN CLAIM OF "JUDICIAL NOTICE
" WITH REGARDS TO TRIAL COUNSEL SCOTT R. RIPLEY FOR HIS FAILURE TO
PRESENT VIDEO CAMERA SURVAILLANCE FOOTAGE & EXCULPATORY/EXONERATING EVIDENCE
ON THE GROUNDS & PRESENTATION OF IMPEACHMENT OF WITNESSES INCONSISTANCE
& PERJURED TESTIMONY'S OF STATES WITNESSES, ON THE DATES OF APRIL 29TH
2019 (ANTON R. FRAZIER COURT DATE) AND ON AUGUST 26TH 2019 (STEVEN TUTOKY,
& ADRIAN CORLEY TESTIMONY COURT DATE).

THAT THE STATES ATTORNEY OFFICE NEVER PRESENTED THE ALLEDGED "WORKERS COMPENSATION PACKET FORM, NOR THE ST. JAMES HOSPITAL MEDICAL RECORDS OF TETANUS SHOT BEING ADMINISTERED BY ST. JAMES HOSPITAL MEDICAL STAFF.

(E)
GROUND FIVE:
  PETITIONER HAS OBTAIN NEWLY DISCOVERED EVIDENCE WHICH PROVES PERJURY. & IT'S EXONERATING/EXCULPATORY EVIDENCE IN NATURE OF THE ALLEDGED OFFENSE OF AGGRAVATED BATTERY, AND, THE ADMISSION OF PERJURY, AND, CONSISTENT PERJURED TESTIMONY.

SUPPORTING FACTS:
THAT UPON PETITIONER OBTAINING HIS FEDERAL CIVIL SUIT DISCOVERY ON "ROMAN V. FRAZIER ET AL 1:17-CV-01195-JES", AND, ON THE CRIMINAL CASE# 18-CF-72 AT BAR. INREGARDS TO THE NOV.14TH 2016 INCIDENT'S AT BAR. THAT WITHIN THAT DISCOVERY STATE WITNESSES ADMITTED TO lying TO THERE CO-WORKERS, AND, HAD CONFLICTING TESTIMONY WHICH ARE WITH IN PETITIONER POST-CONVICTION PETITION HERE ATTACHED AS EXHIBIT (1), AS STATE WITNESS/VICTIM ANTON R. FRAZIER UNDER OATH ADMISSION TO ~~~~ LYING TO HIS CO-WORKERS SEE "ROMAN V. FRAZIER ET AL 1:17-CV-01195-JES ; REQUEST FOR ADMISSIONS", ADMISSIONS #13.
THE YOU COULD FURTHER SEE PEOPLE V. ROMAN 18-CF-72 TRANSCRIPT'S DATED APRIL 29TH 2019, AND, AUGUST 26TH 2019, WERE STATE WITNESSES AND STATE VICTIM PERJURED ~~~~ THEMSELF ON ~~~ APRIL 29TH 2019 WERE STATE WITNESS/VICTIM PERJURED HIMSELF ANTON R. FRAZIER "SEE PAGE 4 SUPPORTING FACTS FOR TESTIMONY WERE HE PERJURED HIMSELF", AND, ~~~ ON AUGUST 26TH ~~~ 2019 WERE STATE WITNESSES PERJURED THEMSELF'S SEE STEVEN TUTOKY, AND, LT. ADRIAN CORLEY TESTIMONY IN AUGUST 26TH 2019 TRIAL TRANSCRIPT'S WHICH COULD BE ~~~~ QUICKLY PROVEN TO BE PERJURED THROUGH CAMERA FOOTAGE OF THE SAID ALLEDGED DATE OF NOVEMBER 14TH 2016 WERE THE ALLEDGED AGGRAVATED BATTERY IN THE CHARGING INDICTMENT WAS BROUGHT AGAINST MR. ROMAN FOR AGGRAVATED BATTERY AGAINST ANTON R. FRAZIER WHICH NEVER ACCURE, AND, THAT THE SAID INDICTMENT WAS IN VIOLATION OF 725 ILCS 5/109-3.1(B), UNDER SECTION 109-3.1 (AN INDICTMENT BY GRAND JURY AS PROVIDED IN SECTION 111-2. WITHIN 60 DAYS FROM THE DATE HE (OR SHE WAS ARRESTED) MAKING THE INDICTMENT INVALID AND UNEXCUTIABLE AND VIOLATION OF 725 ILCS 5/109-3.1 (B), DO TO THE LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY EXCUTING AN INDICTMENT PASSED THE 60DAYS FROM THE DATE HE WAS ARRESTED OF OCTOBER 12TH 2017, AND, INDICTMENT DATE BEING PASSED BY 4 MONTHS 24 DAYS "INDICTMENT DATE MARCH 9TH 2018".

(F)
GROUND SIX; ACTUAL INNOCENCES

SUPPORTING FACTS:

(7)

THAT THE STATES ATTORNEY OFFICE OF LIVINGSTON NO EVIDENCE PROVING PLAINTIFF/MR.ROMAN BITE ANTON R. FRAZIER ON THE LEFT FOREARM ,OR, NOR PROVING PLAINTIFF/MR.ROMAN BITE ANTON R. FRAZIER ANYWERE ,WHICH THIS COULD EASILY BE PROVEN BY SETTING ASIDE THE INCONSISTANT & PERJURED TESTIMONY.

THAT FURTHERMORE MR.ROMAN INNOCENCES COULD BE ALSO PROVEN JUST OFF THE STATE NOT HAVING NO PHYSICAL EVIDENCE AS PHOTO'S, VIDEO FOOTAGE ,DNA EVIDENCE. CONFIRMING OR SHOWING PETITIONER BITE C/O ANTON R. FRAZIER ON THE LEFT FOREARM (WHICH COULD EASILY BE PROVEN BY SETTING ASIDE THE INCONSISTANT & PERJURED TESTIMONY'S, AND, BENCH TRIAL TRIAL TRANSCRIPTS & CASE TRANSCRIPTS, AND, DEFENDANT IN MR.ROMAN'S CIVIL SUIT ROMAN V. FRAZIER ETAL 1: 17-CV-01195-JES DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST PRODUCTION OF DOCUMENT'S, AND, DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS ; DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR INTERROGATORIES WHICH WERE ALL MADE AVAILBLE TO TRIAL COUNSEL TO USE IN MR.ROMAN BENCH TRIAL IN MR.ROMAN MULTIPAL DISCLOSURES ON COURT DATES AND THROUGH MAIL ON NOV.13TH 2018; MARCH 8TH 2019; APRIL 2ND 2019; AND; APRIL 29TH 2019; FEBRUARY 24TH 2020, &, APPELLATE COUNSEL, AND, STATE'S ATTORNEY HAD AT THERE DISPOSAL DURING CASE & AT THE BENCH TRIAL AS EXCUPATORY /EXONERATING EVIDENCE ,AND AT APPELLATE PROCESS. IF TRIAL COUNSEL SCOTT R. RIPLEY MADE THE DISCLOSURE TO THE STATES ATTORNEY'S OFFICE AFTER I MADE THE DISCLOSURE TO HIM.

THAT FURTHERMORE MR.ROMAN INNOCENCES COULD BE ALSO PROVEN JUST OFF THE STATE NOT HAVING NO PHYSICAL EVIDENCE AS MEDICAL RECORDS SHOWING C/O ANTON R.FRAZIER WAS ADMINISTERED AN TETANUS SHOT AT ST.JAMES HOSTIPAL BY ANY MEDICAL PROFESSIONAL OR DOCTOR, WHICH COULD EASILY BE PROVEN BY SETTING OUT THAT THERE'S NO RECORDS WITHIN BENCH TRIAL COMMON LAW RECORDS OR BENCH TRIAL TRANSCRIPTION, &, OTHER RECORD'S SHOWING C/O ANTON R. FRAZIER WAS NEVER BITE, AND, OR ADMINISTERED AN TETANUS SHOT AT ST.JAMES HOSTIPAL IN PONTIAC, ILLINOIS, WHICH THESE DOCUMENT'S WERE AVAILABLE TO LIVINGSTON COUNTY STATE ATTORNEYS OFFICE, AND, LIVINGSTON COUNTY PUBLIC DEFENDERS OFFICE.

THAT FURTHERMORE MR.ROMAN INNOCENCES COULD BE ALSO PROVEN JUST OFF THE STATE NOT HAVING NO PHYSICAL EVIDENCE BESIDE FALISIFIED/PERJURED DOCUMENTATION AND PERJURED TESTIMONY 'S BY C/O ANTON R. FRAZIER; C/O STEVEN TUTOKY; LT. ADRIAN CORLEY; R/N TRACI KJELLESVIK; AND; PERJURED INCIDENT REPORTS; AND; NOT HAVING AN WORKERS COMPENSATION PACKET FORM THAT WERE EVER ADMITTED INTO EVIDENCE, OR, POSSESED BY NEITHER PARTY'S AT

(8)

TRIAL, AND, THROUGH FALISIFIED/PERJURED INTERNAL AFFAIRS REPORTS
/INTERVIEW REPORTS/INTERVIEWEE'S STATEMENTS OF ℅ ANTON R. FRAZIER;
℅ STEVEN TUTOKY; LT.ADRIAN CORLEY, AND, OR FALISIFIED/PERJURED INJURY
REPORTS/MEDICAL RECORDS FALISIFIED BY A/N TRACI KJELLESVIK ALLEDGED
DOCUMENTATION'S OF MR.ROMAN INJURY'S AND ℅ ANTON R. FRAZIER
INJURY'S; ON MR.ROMAN MEDICAL ASSESTMENT, AND, ℅ ANTON R. FRAZIER
MEDICAL ASSESTMENT.

(G) GROUND SEVEN: INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL
    ASSISTANCE ON POST-CONVICTION APPEAL

   SUPPORT FACTS:
   THAT APPELLATE COUNSEL ASSISTANCE WAS INEFFECTIVE DO TO HIM
   NOT FILING INEFFECTIVE ASSISTANCE ON APPELLATE COUNSEL SALOME
   KIWARA-WILSON FOR NOT FILING AN CLAIM OF INEFFECTIVE ON
   TRIAL COUNSEL FOR NOT EFFECTIVELY REPRESENTING ME DURING TRIAL
   FURTHER SEE GROUND ONE; GROUND TWO; GROUND FOUR; GROUND FIVE;
   AND; GROUND SIX; FOR THE SUBSTANTIATION OF APPELLATE COUNSEL
   DANIEL T. MALLON INEFFECTIVE ASSISTANCE OF COUNSEL, AND, SEE
   DANIEL T. MALLON BRIEF ON DIRECT APPEAL.

   13. ~~THAT DO TO INEFFECTIVE OF TRIAL COUNSEL~~
   IF ANY OF THE GROUNDS LISTED IN 12 A,B,C,D,E, AND,F,G,WERE NOT
   PREVIOUSLY PRESENTED IN ANY OTHER COURT, STATE OF OR FEDERAL, STATE
   BRIEFLY WHAT GROUND WERE NOT SO PRESENTED, AND GIVE YOUR REASONS FOR
   NOT PRESENTING THEM:
   (A) THAT DO TO INEFFECTIVE OF TRIAL COUNSEL I COULDN'T BRING GROUND
   OF PERJURD TESTIMONY'S DO TO TRIAL COUNSEL NOT PRESENTING CAMERA
   FOOTAGE AT BENCH TRIAL; AND; NOT PUTTING TRIAL COURT ON JUDICIAL
   NOTICE, AND, TRIAL COUNSEL NOT DOING AN PROPER SUFFICIENT PRE-TRIAL
   INVESTIGATION OR PRE-TRIAL INTERVIEW'S, AND, TRIAL COUNSEL NOT
   PRESENTING PROPER IMPEACHMENT GROUNDS, OR, FILING ANY PRE-TRIAL
   OR FILING ANY MOTION TO HAVE TO INVALID INDICTMENT IN
   VIOLATION OF 725 ILCS 5/109-3.1(B)
   (B) THAT DO TO INEFFECTIVE OF APPELLATE COUNSEL I COULDN'T
   BRING GROUND OF INEFFECTIVE OF TRIAL COUNSEL ON DIRECT APPEAL
   FOR APPELLATE COUNSEL NOT FILING CLAIM OF INEFFECTIVE OF TRIAL
   COUNSEL FOR THE REASONS MENTION IN PARAGRAPH 13(A)
   (C) THAT DO TO INEFFECTIVE OF APPELLATE COUNSEL SALOME KIWARA
   -WILSON IN PARAGRAPH 13(B) I WAS NOT ABLE TO FILE AN PROPER
   DIRECT APPEAL BECAUSE "4TH JUDICIAL CIRCUIT OF COURT OF APPEALS"
   DIDN'T ALLOWE ME TO FILE AN SUPPLEMENT BRIEF, DO TO HAVING ~~ABLE TO~~
   APPELLATE COUNSEL OF THE RECORD SALOME KIWARA-WILSON BEING
   INEFFECTIVE.

   (9)

(D) THAT DO TO INEFFECTIVE OF APPELLATE COUNSEL DANIEL T. MALLON NOT FILING INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL SALOME KIWARA-WILSON ON BENCH TRIAL DIRECT APPEAL, AND, IT BEING ONE OF MY ISSUES RAISED IN MY POST-CONVICTION WHICH TRIAL COURT DENIED IN MY POST-CONVICTION WHICH APPELLATE COUNSEL DANIEL T. MALLON DIDN'T RAISED MY POST-CONVICTION DIRECT APPEAL.

14. DO YOU HAVE ANY PETITION OR APPEAL NOW PENDING IN ANY COURT, EITHER STATE OR FEDERAL, AS TO THE JUDGEMENT UNDER ATTACK?
   NO

15. GIVE THE NAME AND ADDRESS, IF KNOWN, OF EACH ATTORNEY WHO REPRESENTED YOU IN THE FOLLOWING STAGES OF THE JUDGMENT ATTACKED HEREIN:

(A) AT PRELIMINARY HEARING: SCOTT R. RIPLEY - LIVINGSTON COUNTY PUBLIC DEFENDER - LAW & JUSTICE CENTER - 110 NORTH MAIN STREET - PONTIAC, ILLINOIS 61764

(B) AT ARRAIGNMENT AND PLEA: SCOTT R. RIPLEY - LIVINGSTON COUNTY PUBLIC DEFENDER - LAW & JUSTICE CENTER - 110 NORTH MAIN STREET - PONTIAC, ILLINOIS 61764

(C) AT TRIAL: SCOTT R. RIPLEY - LIVINGSTON COUNTY PUBLIC DEFENDER - LAW & JUSTICE CENTER - 110 NORTH MAIN STREET - PONTIAC, ILLINOIS 61764

(D) AT SENTECING: SCOTT R. RIPLEY - LIVINGSTON COUNTY PUBLIC DEFENDER - LAW & JUSTICE CENTER - 110 NORTH MAIN STREET - PONTIAC, ILLINOIS 61764

(E) ON APPEAL: SALOME KIWARA-WILSON - ASSISTANT APPELLATE DEFENDER - OFFICE OF THE STATE APPELLATE DEFENDER FOURTH JUDICIAL DISTRICT - 400 WEST MONROE STREET - SUITE 303 - SPRINGFIELD, ILLINOIS 62104

(F) IN ANY POST-CONVICTION PROCEEDING:
   (SELF) LUIS ROMAN M12962 - LAWRENCE CORRECTIONAL CENTER 10930 LAWRENCE ROAD - SUMNER, ILLINOIS 62466

(G) ON APPEAL FROM ANY ADVERSE RULING IN A POST-CONVICTION PROCEEDING: DANIEL T. MALLON - ASSISTANT APPELLATE DEFENDER - OFFICE OF THE STATE APPELLATE DEFENDER FIRST JUDICIAL DISTRICT - 203 NORTH LASALLE STREET - 24TH FLOOR - CHICAGO, ILLINOIS 60601

(10)

16. WERE YOU SENTENCED ON MORE THAN ONE COUNT OF AN INDICTMENT IN THE SAME COURT AND AT THE SAME TIME?

NO

17. DO YOU HAVE ANY FUTURE SENTENCE TO SERVE AFTER YOU COMPLETE THE SENTENCE IMPOSED BY THE ~~ORDERED~~ JUDGMENT UNDER ATTACK?

NO

(A) IF SO, GIVE NAME AND LOCATION OF COURT WHICH IMPOSED SENTENCE TO BE SERVED IN THE ~~PROD~~ FUTURE: N/A

(B) GIVE DATE AND LENGTH OF THE ABOVE SENTENCE: N/A

(C) HAVE YOU FILED, OR DO YOU COMTEMPLATE FILING, ANY PETITION ATTACKING THE JUDGMENT WHICH IMPOSED THE SENTENCE TO BE SERVED IN THE FUTURE?

NO

WHEREFORE, PETITIONER PRAYS THAT THE COURT GRANT PETITIONER RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.

_____
SIGNATURE OF (IF ANY)

I DECLARE UNDER PENALTY OF PERJURY THAT THE ~~TESTIMONIAL~~ FOREGOING IS TRUE AND CORRECT, & PURSUANT TO 28 U.S.C. § 1746 AND 735 ILCS 5/1-109, I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT.

DECEMBER 19TH 2023
_____
DATE

_____
SIGNATURE OF PETITIONER

(11)

ILLINOIS DEPARTMENT OF CORRECTIONS

## Administrative Review Board
## Return of Grievance or Correspondence

Individual in
Custody Name:  Roman                                    Luis                                          M12962
               Last Name                          First Name                        MI        ID#

Facility:  Lawrence C.C.

☐ Grievance: Facility Grievance # (if applicable) _____     Dated: 6/12/2023      or ☐ Correspondence: Dated: _____

Received: 9/25/2023 _____ Regarding: Mailroom - MISHANDLING OF LEGAL MAIL
       Date

The attached grievance or correspondence is being returned for the following reasons:

**Additional information required:**

☐ Provide your original written Individual in Custody's Grievance, DOC 0046, including the counselor's response, if applicable.

☐ Provide a copy of the Response to Individual in Custody's Grievance, DOC 0047, including the Grievance Officer's and Chief Administrative Officer's response, to appeal; if timely.

☐ Provide dates when incidents occurred.

☐ Unable to determine nature of grievance or correspondence; submit additional specific information.  Please return the attached grievance or correspondence with the additional information requested to:
Administrative Review Board, 1301 Concordia Court, Springfield, IL 62794-9277

**Misdirected:**

☐ Contact your correctional counselor or Field Services regarding this issue.

☐ Request restoration of Statutory Sentence Credits to Adjustment Committee.  If the request is denied by the facility, utilize the individual in custody grievance process outlined in Department Rule 504 for further consideration.

☐ Contact the Record Office with your request or to provide additional information.

☐ Personal property and medical issues are to be reviewed at your current facility prior to review by the Administrative Review Board.

☐ Address concerns in a letter to:  Illinois Prisoner Review Board, 319 E. Madison St., Suite A, Springfield, IL  62706

**No further redress:**

☐ Award of Earned Discretionary Sentence Credit is a discretionary administrative decision; therefore, this issue will not be addressed further.

☐ Administrative transfer denials are discretionary administrative decisions; therefore, this issue will not be addressed further.

☒ Not submitted in the timeframe outlined in Department Rule 504; therefore, this issue will not be addressed further.

☐ Administrative Review Board received the appeal 30 days past date of Chief Administrative Officer's decision; therefore, this issue will not be addressed further.

☐ This office previously addressed this issue on _____
                                  Date

☐ No justification provided for additional consideration.

**Other** (specify): Does not follow DR 504F. The only dates in the body of the grievance are outside 60 days. Issues outside of 60 days' timeframe will not be investigate.

Completed by:  Jon Loftus                                                                          9/29/2023
               Print Name                                    Signature                                         Date

Assigned Grievance #/Institution: _____    Housing Unit: _Le A_    Bed #: _U9_

1st Lvl rec: ___ 1111 0 7 2023    **ILLINOIS DEPARTMENT OF CORRECTIONS**    2nd Lvl rec: _____
**Offender's Grievance**

| Date: JUNE 12TH 2023 | Offender (please print): LUIS ROMAN | ID #: M12962 | Race (optional): HISPAN.C |
|---|---|---|---|

Present Facility: PONTIAC CORRECTIONAL CENTER    Facility where grievance issue occurred: PONTIAC CORRECTIONAL CENTER SECURITY STAFF

**Nature of grievance:**    Mail Room STAFF

- [ ] Personal Property
- [x] Mail Handling
- [ ] Medical Treatment
- [ ] HIPAA
- [ ] ADA Disability Accommodation
- [x] Staff Conduct
- [ ] Dietary    720 ILCS 5/33.3 OFFICAL MISCONDUCT; 1720 8 OBSTRUCTION
- [x] HIPAA
- [ ] Restoration of Sentence Credit
- [ ] Transfer Denial by Facility
- [x] Other (specify): OF CORRESPONDENCE; VIOLATION OF STATE &
- [ ] Disciplinary Report    FEDERAL LAW REGARD ILLINOIS & WASHINGTON, IAC US. POST MASTER LAWS

Date of report _____    Facility where issued _____

**Note:** Protective Custody Denials may be grieved immediately via the local administration on the protective custody status notification.

**Complete: Attach a copy of any pertinent document** (such as a Disciplinary Report, Search Record, etc.) **and place in the designated locked receptacle marked "grievance":**

Counselor, unless the issue involves discipline, is deemed an emergency, or is subject to review by the Administrative Review Board
Grievance Officer, only if the issue involves discipline at the present facility or issue not resolved by Counselor
Chief Administrative Officer, only if EMERGENCY grievance
Mail to Administrative Review Board, only if the issue involves protective custody, involuntary administration of psychotropic drugs, issues from another facility except medical and personal property issues, or issues not resolved by the Chief Administrative Officer.

**Summary of Grievance** (Provide information including a description of what happened, when and where it happened, and the name or identifying information for each person involved):

That on MAY 9TH 2023 I had an Meeting with Corr. Counselor BRIANNE Ryan To signed consent to Release Records to Recieve my Juvenile Records & To Signed FOR MY ADA C9-20. Which I MADE HER AWARE That my "legal Mail History Card" isN't Showing that my "Petition FOR A WRIT OF CERTIORARI" Went to the U.S SUPREME COURT - WASHINGTON, DC " ON MARCH 14TH 2023. It's Showing ON MARCH 14TH 2023 PONTIAC CORRECTIONAL CENTER Obstructed My "legal Mail By Committing

[x] Continued on reverse

**Relief Requested:**

ISSUE INVESTIGATED By EXTERNAL & INTERNAL Affairs and Reimbursment of my #3770 FOR The 377 copies & #19.55 POSTAGE Which I WAS Charged by PONTIAC CORR. Ctr. Which PONTIAC CORR. Ctr. SecuRity Staff Or Mail Rearn staff is late KEEPING/Through away to keep Me FROM Proving my INNOCENCENCES, AND Petition Found and Return.

[x] Check only if this is an **EMERGENCY** grievance due to a substantial risk of imminent personal injury or other serious or irreparable harm to self.

[ ] Check if this is **NOT** an emergency grievance.

_____ M12962    1ST May 12TH 2023
Offender's Signature    ID#    2ND June 16TH 2023
Date

(Continue on reverse side if necessary)

**Counselor's Response** (if applicable)    Date Received: 7/13/23    [ ] Send directly to Grievance Officer

[ ] Outside jurisdiction of this facility. Send to: Administrative Review Board, PO Box 19277, Springfield, IL 62794-9277

Response:
The individual's discovery date of incident 3/14/23. Individual has failed to meet DR 501.916.

_____    _____    4/10/23
Print Counselor's Name    Sign Counselor's Name    Date

**Note to offender:** If you disagree with the counselor's response, it is your **responsibility** to forward grievance with counselor's response to the grievance officer.

**EMERGENCY REVIEW:**    Date Received: _____    JUN 3 0 2023
Is this determined to be of an emergency nature?    JUL 0 5 2023
- [ ] Yes, expedite emergency grievance
- [x] No, an emergency is not substantiated. Offender should submit this grievance according to standard grievance procedure

_____    7.3.23
Chief Administrative Officer's Signature    Date

ILLINOIS DEPARTMENT OF CORRECTIONS
**Offender's Grievance**

JUL 0 7 2023

1702 "Obstruction of Correspondence" & Violation of My "14th Amendment
Due of Process Access to the Courts" AND on May 12th 2023
I Filed Grievances on This Which I Never Recieved AN
Reciept to My Grievances OR My Grievances Back.
    That on May 18th 2023 I wrote "Scott S. Harris Clerk of the
Court - Supreme Court of the United States - Office of the Clerk -
Washington, D.C. 20543-0001" to inquire why Have I Not Recieved
an Stamped filed copy of my "Petition for a Writ of Certiorari"
I filed Back in March 14th 2023 Through the United State Postal
Service, Which They Recieved June 1st 2023 and Responded June
1st 2023, and,
    On June 3rd 2023 I Tryed to Electronic filed my letter
of Inquiry Which the law Library Ms. Jonsson Denied me
to Electronically file it ... and,
    On June 5th 2023 I wrote the "Illinois Supreme Court"
AN letter Vertify and See if the Pontiac Correctional Center
Sent my "Petition for Writ of Certiorari" to Them Instead of
the "Scott S. Harris Clerk of the Court - Supreme Court of the
United States - Office of the Clerk - Washington, D.C. 20543-0001"
AND The "Illinois Supreme Court" Further Vertified Pontiac
Correctional Center Never Sent My Petition for Writ of Certiorari"
because on there June 12th 2023 They specified This will
Acknowledge Reciept of your letter on June 8th 2023.
    It does not appear that this office Recieved your Petition
for Writ of Certiorari, therefore, We are unable to forward you
any Copies. and,
    On June 15th 2023 I wrote J. Horton CC III About my
Grievances which I wrote May 12th 2023 along with 5 other
Grievances Which I Never Recieved My Grievances Reciept's
acknowledge Pontiac Corr. Ctr. Recieved my Grievances, NOR
DID I Recieved my Grievances Back, were the May
12th 2023 Grievance I was on % Churin, A. Micheal #8944 &
% Ivan Perez #11472 That I wrote for them late Keeping/Throwing
away My Mail (legal Mail) and Grievances, and
    On June 16th 2023 Jamie Horton CC III Responded
, Which Responses is also Attached as 2 Exhibits.
(Violations)
Pontiac Corr. Ctr. Security staff & Mail Room Staff
are in Violations of: 120 ILCS 5/33-3 offical Misconduct; 1702
Obstruction of Correspondence; Perjury (Penalty of Perjury)
For late Keeping/Throwing away legal Mail and lying saying
It was sent out; and; 1702 obstruction of Correspondence
; & ; Violation of state & federal laws of the Illinois state
Postal Services law/federal Postal Services laws/Washington
, DC. Postal Services laws, and, there Post masters laws;
furthermore 1st Amendment Retaliation for Petition the government
for Redress Grievance; 8th Amendment Cruel and, Unusual
Punishment infliction; 14th Amendment Due of Process Access
To The Courts; A.D. 120.30 Conduct of Individual; A.D. 120.40
Compliance of Law & Regulation; A.D. 120.80 Conflict of Interests;
Penalty of Perjury 735 ILCS 5/1-109, 28 USC 1746, 18 USC 1621.

**ILLINOIS DEPARTMENT OF CORRECTIONS**

## Authorization for Payment

Posting Document # _____

Date _____

Individual in
Custody Name _____  ID# _____  Housing Unit _____

Pay to _____

Address _____

City, State, Zip _____

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of _____

☐ I hereby authorize payment of postage for the attached mail.  ☐ I hereby request information on electronic
funds transfers to be placed in the attached mail.

Individual in Custody Signature _____

Witness Signature _____

☐ Approved  ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Entered
MAR 14 2023
Pontiac Correctional Center
Trust Office

DOC 0296 (Rev. 8/2021)

Distribution:  Business Office, Individual in Custody, Mail Room          *Printed on Recycled Paper*

099101

## Authorization for Payment

Posting Document #

Individual in Custody Name _Raman Rumka_   ID# _MN19162_   Date:

Housing Unit _Ecll 915_

Pay to

Address

City, State, Zip

The sum of _____ dollars and _____ cents charged to my trust fund account, for the purpose of _____

☐ I hereby authorize payment of postage for the attached mail.   ☐ I hereby request information on electronic funds transfers to be placed in the attached mail.

Individual in Custody Signature _____   ID# _____

Witness Signature _____

☐ Approved   ☐ Not Approved — Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution:  Business Office; Individual in Custody; Mail Room

DOC 0396 (Rev. 8/2021)

099101

## Authorization for Payment

Posting Document # _____    Date _____

Individual in
Custody Name _____    ID# _____    Housing Unit _____

Pay to _____

Address _____

City, State, Zip _____

The sum of _____ dollars and _____ cents charged to my trust fund

account, for the purpose of _____

☒ I hereby authorize payment of postage for the attached mail.    ☐ I hereby request information on electronic
funds transfers to be placed in the attached mail.

Individual in Custody Signature _____    ID# _____

Witness Signature _____

☐ Approved  ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution:  Business Office, Individual in Custody, Mail Room    *Printed on Recycled Paper*    DOC 0296 (Rev. 8/2021)

101660

SCOTT S. HARRIS
CLERK OF THE COURT
SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D.C. 20543-0001

MAY 18TH 2023

DEAR: SCOTT S. HARRIS
CLERK OF THE COURT

I am writing you today to inquire About my "PETITION FOR WRIT OF CERTIORARI" I file Back IN MARCH 14TH 2023 THROUGH THE UNITED STATE POSTAL SERVICE BEFORE MY EXTENSION OF TIME OF 90 DAYS WAS THAT I WAS GIVEN CASE NO. 22-A-374, WHICH I SENT 1 COPY AS REQUEST FROM AN PRO-SE LITIGANT AND AN original Copy WHICH I WASN'T RETURN MY COPY WITH All My original's, PLEASE CHECK THE file AND PLEASE RETURN MY STAMP as filed copy Back. PLEASE AND THANK you.--

I AWAIT ON your CORRESPONDENCE.---

Respectfully
REQUESTED

Luis ROMAN
M12962
Pontiac CORRECTIONAL CENTER
700 W. LINCOLN STREET
PO Box 99
PONTIAC ILLINOIS 61764

RECEIVED
JUN - 1 2023
OFFICE OF THE CLERK
SUPREME COURT, U.S.

OFFICE OF THE CLERK

SUPREME COURT OF THE UNITED STATES

WASHINGTON, DC 20543-0001

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

101660

M12962 ROMAN, LUIS                LEGAL MAIL CARD

| ORGANIZATION | OUTGOING | INCOMING |
|---|---|---|
| ARB | 12/23/14-1/8/15-1/12/15-1/15/15-3/25/15-4/9/15-4/13/15-4/20/15-5/20/15-5/27/15-5/29/15-6/25/15-8/10/15-8/11/15-8/26/15(2)-8/28/15-11/30/15-12/22/15-1/4/16-1/5/16-2/2/16-2/16/16-3/7/16-3/17/16-4/27/16-5/1/16-5/25/16-6/1/16-6/21/16-10/5/16-1/30/17-4/27/17-8/28/17-9/8/17-9/28/17-11/27/17-3/13/18-3/22/18-4/26/18-5/2/18-5/15/18-5/18/18-5/25/18-6/12/18-8/29/18-10/16/18-2/8/22-4/14/22-4/28/22-7/7/22-7/8/22-7/21/22(2)-7/27/22-8/12/22-8/22/22-8/29/22-9/14/22-10/17/22(3)-10/20/22-10/28/22-11/3/22-11/17/22-11/28/22-12/14/22-1/10/23-1/17/23-1/19/23-2/9/23-2/10/23-2/27/23(3)-3/14/23-3/16/23(2)- | 6/26/15-7/14/15-9/22/15-11/9/15-1/4/16-1/21/16-1/29/16-4/1/16-6/20/16-7/5/16-9/6/16(2)-9/13/16-1/5/17-3/1/17-3/6/17-10/2/17-11/7/17-11/28/17-12/8/17-1/4/18-3/28/18-4/10/18-5/22/18-5/31/18-6/19/18-6/26/18-7/12/18-7/17/18-7/31/18-9/5/18-9/18/18-10/23/18-11/8/18-11/30/18-5/23/22(2)-8/9/22-8/15/22(2)-8/22/22-9/6/22-9/19/22(2)-9/26/22-10/3/22(2)-10/31/22-11/7/22(2)-11/21/22-11/28/22-12/6/22(2)-12/12/22-12/19/22-1/3/23(2)-1/9/23-1/13/23(2)-1/27/23(2)-2/21/23-3/6/23-3/10/23-3/20/23-3/31/23(3)- |
| COOK CO CIRC CT | 1/7/15-1/28/15-2/2/15-2/3/15-2/27/15-3/23/15-4/17/15-5/20/15-7/10/15-8/25/15-9/1/15-9/3/15-9/15/15-10/19/15-1/4/16-5/1/16-5/31/16-6/6/17-11/9/18- | 8/18/17- |
| STICKNEY POLICE DEPT | 1/20/15-5/11/15-6/29/15- | 1/26/15-5/4/15-5/26/15-7/9/15- |
| CLAYMAN & ROSENBERG | 1/23/15- | 2/3/15- |
| LOEVY & LOEVY | 2/2/15-4/8/15-6/19/17-3/23/18-5/7/18- | 3/2/15-5/4/15-8/4/17-4/9/18-5/22/18- |
| COOK CO STATES ATTY | 2/2/15-3/9/15-9/3/15-9/28/15-3/8/16- | 3/16/15-7/23/18- |



2

| ATTY GENERAL - IL | 2/3/15-2/18/15-3/23/15-4/6/15-4/9/15-5/5/15-5/20/15-6/1/15-6/29/15(2)-7/30/15-2/2/16-8/16/16-12/12/16-1/20/17-2/27/17-5/22/17-6/27/17-8/15/17-10/19/17-11/1/17-1/19/18-3/20/18-5/1/18-5/7/18-8/23/18-8/29/18-9/11/18-9/21/18-9/25/18-10/22/18-4/14/22-7/5/22-7/18/22-8/3/22-8/8/22-8/26/22-9/14/22-9/19/22-10/3/22-10/11/22-10/17/22-10/27/22-12/19/22(2)-1/17/23(3)-3/14/23-04/03/23- | 4/15/15-5/29/15-6/17/15-6/22/15-6/25/15-7/7/15-7/13/15-12/11/15-2/22/16-8/5/16-8/17/16-9/22/16-12/27/16-1/4/17-1/20/17-1/24/17-3/24/17-4/20/17-5/18/17-5/19/17-6/1/17-6/5/17-6/30/17-7/7/17-7/18/17-7/24/17-8/7/17(2)-8/14/17-8/15/17-8/16/17-9/1/17-9/7/17-9/11/17-9/14/17-9/25/17-9/25/17-9/28/17(2)-9/29/17-10/2/17(2)-10/4/17-10/13/17-10/16/17-10/24/17-11/7/17-12/8/17-12/15/17-12/18/17-12/26/17-1/4/18-1/10/18-1/18/18-1/23/18-1/24/18(2)-1/30/18-2/26/18(2)-3/23/18-4/2/18-4/4/18-5/16/18-7/11/18-7/16/18-9/24/18-10/1/18-10/17/18(2)-10/31/18-11/8/18-11/14/18-11/19/18-3/4/19(2)-3/6/19-3/11/19-3/13/19(2)-3/14/19-3/15/19(2)-12/6/19-2/24/20(3)-1/14/22-1/28/22-2/16/22-3/14/22-4/1/22-7/7/22-7/28/22-9/29/22-9/30/22-10/3/22-10/13/22-10/17/22-12/19/22-1/9/23-1/11/23-1/19/23(2)-1/23/23-3/13/23-3/31/23- |
|---|---|---|
| WINSTON & STRAWN | 2/5/15-4/28/22- | |
| US DIST CT, E ST LOUIS | | 2/9/15- |
| PRB | 3/3/15-7/13/15-1/4/16-8/25/16-10/19/16-11/17/17- | 6/8/18- |
| UPTOWN PEOPLES LAW CTR | 3/16/15-7/21/15-8/25/16(3)-8/28/17-1/4/18(2)-1/19/18-5/7/18-5/10/18-7/25/18-10/22/18-03/14/23- | 7/17/15-10/17/16-8/3/17-9/5/17-12/4/17-1/22/18-1/25/18-3/16/18-5/23/18-8/9/18-2/22/23- |
| COOK CO PUBLIC DEFENDER | 3/17/15-6/29/15-7/2/15-1/4/16-2/25/16-3/8/16-4/5/16-5/31/16-6/1/16-8/10/16-8/17/16-11/9/18- | 6/25/15-9/16/15-5/27/16-12/3/18- |

| | | |
|---|---|---|
| US DIST CT, CHI | 4/23/15- | |
| IL STATE POLICE | 5/7/15-8/10/15-7/19/18-8/29/18- | 7/13/15- |
| COURT OF CLAIMS | 5/20/15-7/22/22-8/8/22-9/14/22-10/11/22-10/12/22-12/19/22-12/28/22-01/09/23-01/17/23-03/27/23- | 6/1/15-8/8/22-8/17/22-8/31/22-9/26/22-9/29/22-10/26/22-11/28/22-12/27/22-1/13/23-1/20/23-2/1/23-4/3/23- |
| FBI | 5/20/15- | |
| SOUTHERN POVERTY LAW CTR | 6/1/15- | 7/17/15- |
| IDOC/DIRECTOR | 5/20/15-6/15/15-6/29/15-7/10/15-7/30/15- | 7/21/15-8/11/15-1/12/16-7/5/16-9/16/16- |
| GREGORY KULIS & ASSOC | 6/22/15-7/30/15-9/11/18- | 7/28/15-10/15/15- |
| SEGAL-McCAMBRIDGE | 8/11/15-9/25/15-11/2/15-11/12/15-12/9/15-1/4/16-1/11/16-2/8/16-3/1/16-4/18/16-5/23/16-6/20/16-7/5/16-8/1/16(2)-8/12/16-10/4/16-12/9/16-12/15/16-12/30/16-1/5/17-1/18/17-1/30/17-2/1/17-2/23/17-3/15/17-3/20/17-3/30/17-4/10/17-12/13/17- | 9/8/15-9/18/15-11/9/15-3/16/16-4/29/16-6/6/16-6/27/16-7/11/16-8/18/16-12/2/16-12/20/16-1/4/17-1/20/17-1/30/17-4/17/17- |
| KATHLEEN ZELLNER, ATTY | 8/26/15-9/8/15-6/19/17- | 6/26/17- |
| US DEPT OF JUSTICE | 11/4/15-7/12/16- | 6/24/16-6/30/22- |
| ATTY GENERAL  - FL | 3/16/16- | 3/28/16- |
| BROWN & JAMES | | 5/6/16- |
| EQUIP FOR EQUALITY | 6/28/16-8/8/17-5/7/18- | 9/15/16-1/17/18-7/12/18-5/3/22-8/3/22- |
| DENTONS | 6/28/16- | |
| SANGAMON CO CIRC CT | 7/12/16- | |
| US DIST JUDGE, URBANA | | 9/1/16- |
| PEOPLES LAW OFFICE | 11/28/16-11/14/18- | |
| WEST TOWN LAW OFFICE | 11/28/16- | |
| LIVINGSTON CO STATES ATTY | 12/5/16-3/20/18- | 3/16/18- |
| BELL BOYD & LLOYD | 12/15/16- | |
| MAYER BROWN ROWE MAW | 12/19/16-2/9/18- | 1/9/17-2/26/18- |
| LIVINGSTON CO CIRC CT | 12/28/16-1/10/17-2/6/17-2/15/17-3/21/17-6/9/17-12/7/17-12/22/17-7/13/18-7/23/18-10/18/18-2/14/20- | |
| LIVINGSTON CO SHERIFF | 1/18/17- | 2/3/17- |

| | | |
|---|---|---|
| IDOC/INVESTIGATIONS | 1/30/17- | |
| ALBUKERK & ASSOC | 2/2/17- | |
| BRYAN CAVE LLP | 2/2/17-3/2/18- | 3/30/17-3/20/18- |
| LASALLE CO SHERIFF | 3/8/17- | 3/17/17- |
| IDOC/CONCORDIA CT. | | 3/20/17- |
| HARVEY GROSSMEN | 6/19/17- | |
| TUCKER, ELLIS, LLP | 7/10/17-11/13/17-12/1/17-1/10/18-4/25/18(2)-6/27/18-8/23/18- | 6/28/17-11/29/17-2/2/18-3/2/18- |
| YOUNG V COOK CO | 6/30/17- | 9/14/17- |
| ACLU | 5/9/18-9/10/18(ret'd)-9/13/18(ret'd)- | 7/7/17-6/1/18- |
| DVORAK LAW OFFICE | 10/16/17- | |
| O'CONNOR LAW FIRM | 10/19/17-7/24/18- | 11/1/17-4/9/18-11/2/18(2)- |
| CENTER FOR CONSTITUTIONAL RIGHTS, NEW YORK | 10/24/17-8/19/22- | 12/8/17- |
| CASSIDAY, SCHADE, LLP | 11/17/17-11/22/17-12/7/17-12/28/17-1/5/18-1/22/18(2)-3/2/18-3/21/18-3/30/18-4/13/18-5/3/18-5/15/18-6/28/18-7/18/18-9/11/18-9/24/18-10/18/18-11/16/18- | 11/13/17(2)-11/14/17-11/16/17-11/20/17-12/4/17-12/18/17-12/22/17-12/26/17-1/8/18-1/24/18-2/15/18-2/22/18-2/28/18-3/13/18-4/5/18-6/12/18-6/19/18-6/21/18-7/9/18-9/12/18-10/29/18-11/7/18-11/28/18-1/20/22-1/24/22(2)- |
| JOHN STROGER HOSP - CHICAGO, IL | 12/20/17(subpoena)- | |
| COOK CO JAIL | 12/20/17(subpoena)- | |
| COOK CO SHERIFF | 12/22/17- | 1/9/18- |
| JOHN HOWARD ASSOC | 1/5/18-3/14/18-3/20/18(2)-10/1/18- | 1/29/18-4/6/18(3)-10/25/18- |
| CERMAK HEALTH SERVICES | 1/19/18(subpoena)- | |
| COOK CO HEALTH & HOSPITAL SYSTEM/Sandra Navarro, Atty | 1/19/18- | |
| ATTY GENERAL-MN | 2/14/18- | |
| M. HEDAYAT & ASSOC | 4/13/18-6/5/18- | 10/18/18- |
| GOVERNOR OF IL | 4/13/18-5/7/18- | 4/27/18- |
| LIVINGSTON CO PUBLIC DEFENDER | 6/27/18-10/18/18-11/26/18-3/11/19- | 6/21/18-6/22/18-2/10/20- |
| JAMES SHULTZ, ATTY | 7/6/18- | |

| | | |
|---|---|---|
| PRAIRIE STATE LEGAL SERVICES | 7/16/18(ret'd)- | |
| PRO BONO ADVOCATES | 7/16/18- | |
| CABRINI GREEN LEGAL AID CLINIC | 7/16/18- | 8/7/18- |
| CHICAGO – KENT COLLEGE OF LAW | 8/8/18-10/10/18- | |
| ARNOLD & KADJAN | 8/29/18- | 9/7/18- |
| ARDC | 9/7/18(subpoena)- | |
| ALTHEA WELSH, ATTY | 10/19/18- | |
| MICHELLE GONZALES & ASSOC | 11/16/18- | |
| 1ST DIST APPELLATE DEFENDER | 3/3/22-6/28/22-8/8/22-10/3/22- | 2/7/22-4/18/22-8/5/22-9/6/22-10/17/22- |
| 4TH DIST STATE APPELLATE DEFENDER | 3/3/22-9/26/22- | 3/14/22-3/30/22-11/7/22- |
| 4TH DIST APPELLATE CT | 5/2/22-6/21/22-8/8/22-10/21/22-11/9/22- | 3/29/22-8/17/22-10/11/22-11/4/22-11/18/22- |
| IL SUPREME COURT | 4/14/22-03/14/23- | |
| STATES ATTORNEY APPELLATE PROSECUTOR – SPRINGFIELD | 4/14/22-6/21/22-12/28/22- | |
| THEDFORD GARBER LAW | 4/28/22(ret'd)- | |
| SIDLEY AUSTIN | 4/28/22- | |
| LELAND GROVE LAW LLC | 4/28/22(ret'd)- | |
| BONJEAN LAW GROUP | 4/28/22(ret'd)- | |
| NORTHWESTERN UNIVERSITY LAW SCHOOL/ BLUHM LEGAL CLINIC | 4/28/22(2)-9/14/22- | 1/23/23- |
| JENNER & BLOCK | 4/28/22- | |
| JOHN MCNAMARA, ATTY | 5/16/22- | |
| SOPHIA LAU, ATTY | 5/18/22- | |
| US DISTRICT COURT – PEORIA | 6/16/22-6/27/22- | |
| US MARSHALL SERVICES | 7/26/22- | |
| UNIVERSITY OF CHICAGO LAW SCHOOL/MANDEL LEGAL AID CLINIC | 9/14/22- | |
| FOX SWIBEL LEVIN & CARROLL LLP/DAVID E. KOROPP, ATTY | 9/14/22- | |
| SPERLING & SLATER | 9/14/22- | |

'6

| | | |
|---|---|---|
| TABET DIVITO & ROTHSTEIN LLC/JONATHAN S. KIM, ATTY/ NIKKIE R. MARCETTE, ATTY | 9/14/22-12/7/22-12/9/22-1/18/23- | 2/8/23- |
| IL RIVER CORRECTIONAL BUSINESS OFFICE SUP. (FEDERAL SUBPOENA) | 9/19/22- | |
| PINCKNEYVILLE CORRECTIONAL BUSINESS OFFICE SUP. (FEDERAL SUBPOENA) | 9/19/22- | |
| HILL CORRECTIONAL BUSINESS OFFICE SUP. (FEDERAL SUBPOENA) | 9/19/22- | 9/26/22- |
| LIVINGSTON CO JAIL SUPERINTENDENT (FEDERAL SUBPOENA) | 9/19/22- | |
| US SUPREME COURT - WASHINGTON, DC | 10/11/22-10/25/22-1/6/23- | 1/23/23- |
| PINIX & SOUKUP | 12/9/22- | 1/5/23- |
| IND N OAKS ACADEMY(SUBPOENA) | 12/19/22- | |
| NEXUS-ONARGA FAMILY HEALING | 12/19/22- | |
| US DEPT OF TREASURY - PHILADELPHIA, PA (FEDERAL SUBPOENA) | 1/18/23- | |

END OF CARD

# Authorization for Payment

Date _10/19/2023_    ID# _M019167_    Housing Unit _N1_

Posting Document # _____

Individual in
Custody Name _Luis Roman_

Pay to _____

Address _____

City, State, Zip _____

The sum of _3,375_ of _Otcaris Hulk_ dollars and _30_ cents charged to my trust fund
account, for the purpose of _Some Ass Locknose Documents_

☐ I hereby authorize payment of postage for the attached mail. ☐ I hereby request information on electronic
funds transfers to be placed in the attached mail.

Individual in Custody Signature _____    ID# _M017916_

Witness Signature _____

☐ Approved  ☐ Not Approved    Chief Administrative Officer Signature _____

Postage applied in the amount of _____ dollars and _____ cents.

Distribution: Business Office, Individual in Custody, Mail Room

DOC 0266 (Rev 9/20/21)

101660

To: Roman _____ ID# M112962 Cell: N731

From: J. Horton CCIII

Date: 6 / 16 / 23

emergency

1. grievances were received and signed off
by the warden. 6 were received back to us
from you.

There is 1 grievance on Chuww that is still being
investigated.

There have been 2 grievances sunalized
that involved horey. No other grievances are
pending regarding horey.

101660



# SUPREME COURT OF ILLINOIS

SUPREME COURT BUILDING
200 East Capitol Avenue
SPRINGFIELD, ILLINOIS 62701-1721

CYNTHIA A. GRANT
Clerk of the Court

(217) 782-2035
TDD: (217) 524-8132

June 12, 2023

FIRST DISTRICT OFFICE
160 North LaSalle Street, 20th Floor
Chicago, Illinois 60601-3103
(312) 793-1332
TDD: (312) 793-6185

Luis Roman
Reg. No. M-12962
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

Dear Mr. Roman:

    This will acknowledge receipt of your letter on June 8, 2023.

    It does not appear that this office received your petition for writ of certiorari, therefore, we are unable to forward you any copies.

Very truly yours,

Cynthia A. Grant

Clerk of the Supreme Court

CAG/ak

Luis Roman
Reg. No. M-12962
Pontiac Correctional Center
P. O. Box 99
Pontiac, IL 61764

CLERK OF THE SUPREME COURT
STATE OF ILLINOIS
SPRINGFIELD
62701-1721

ILLINOIS DEPARTMENT OF CORRECTIONS

## Authorization for Payment

Posting Document # _____

Date ___6/5/23___

Individual in Custody Name ___LUIS ROMAN___   ID#: ___M30903___   Housing Unit ___N 13/12___

Pay to: ___HON. CYNTHIA A. GRANT   CLERK OF THE U.S. DISTRICT COURT___

Address ___SUPREME COURT BUILDING___

City, State, Zip ___SPRINGFIELD ILLINOIS (701)___

The sum of _____ dollars and _____ cents charged to my trust fund.

☐ I hereby request information on fund transfer to be placed in the attached mail.

account, for the purpose of: ___POSTAGE FOR THE ATTACHED MAIL___

☑ I hereby authorize payment of postage for the attached mail.

Individual in Custody Signature X _____

Witness Signature _____

☐ Approved  ☐ Not Approved   Chief Administrative Officer Signature _____

Postage applied in the amount of ___$_____ dollars and _____ cents.

Distribution: Business Office; Individual in Custody; Mail Room

DOC 0295 (Rev. 3/02)

101660

RE: ROMAN V. IL
IL App. Ct. 4TH Dist. No. 4-20-0414
NO. 22A374

Hon. Cynthia A. GRANT
CLERK of the Supreme Court
Supreme Court Building
Springfield, ILLINOIS 62701

June 5TH 2023

DEAR; Hon. Cynthia A. GRANT
CLERK of THE SUPREME COURT

I am writing you TODAY, DO TO ADDRESS THE following on
MARCH 14TH 2023 I SENT 1 copy and 1 ~~original~~ ORIGINAL of
My CORRECTED "PETITION FOR A WRIT of CERTIORARI" TO (SUPREME
Court - CLERK of the Supreme Court Scott S. HARRIS - SUPREME Court
of the United States - Washington, D.C. 20543) To File My
Petition, ~~however~~ it was Sent to the ILLINOIS SUPREME
Court Because PONTIAC C.C. ~~~~ Accidently HAD
in CORRECTIONAL OFFICAL WHO Resently was Put oN INVESTIGATION
change the Address on the envelope and Put your Address
I will like if you RECIEVED this MANILA ENVELOPE to RETURN
my PETITION with an Photocopy of the MANILA ENVELOPE.

Luis Roman M12962
Pontiac CORRECTIONAL CENTER
700W. LINCOLN STREET
PO Box 99
Pontiac IL 61764

I Sent this Letter out under another INMATES Name
Because My Cell (North Cell House Sgt. Perez #11472) is TAMPERING
with My Mail.

TO: MAX LAW LIBRARY

I Luis Roman Munoz need this letter e-filed To:
Scott S. Harris
Clerk of The Court
SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK        We can only e-file
WASHINGTON, D.C. 20543-0001    to federal district courts
                                in Illinois
                                      - Jonsson

PLEASE & Think you...

ROMAN LUIS MUNOZ
NCH 731

## SUPREME COURT OF THE UNITED STATES
## OFFICE OF THE CLERK
## WASHINGTON, DC  20543-0001

June 1, 2023

Luis Roman
#M12962
Pontiac Corr. Center, 700 W-Lincoln St.
P.O. Box 99
Pontiac, IL 61764

> RE: Roman v. IL
>     IL App. Ct. 4th Dist. No. 4-20-0414
>     No: 22A374

Dear Mr. Roman:

Your letter postmarked on May 22, 2023 was received by the Clerk on June 1, 2023 and is returned here within.

You are informed that the petition for a writ of certiorari in the above-entitled case was received by the Clerk on January 18, 2023 and was returned for corrections on the same date. To date, the Clerk has not received a corrected petition for a writ of certiorari in the above-entitled case.

For your convenience, please find the enclosed copy of the January 18, 2023 letter from the Clerk.

To the extent that you still intend to file a petition for a writ of certiorari, please correct and resubmit as soon as possible. Unless the petition is submitted to this Office in corrected form within 60 days of the date of this letter, the petition will not be filed. Rule 14.5.

Sincerely,
Scott S. Harris, Clerk
By:

Emily Walker
(202) 479-5955

Enclosures

**SUPREME COURT OF THE UNITED STATES**
**OFFICE OF THE CLERK**
**WASHINGTON, DC  20543-0001**

January 18, 2023

Luis Roman
#M12962
Pontiac Corr. Center, 700 W-Lincoln St.
P.O. Box 99
Pontiac, IL 61764

RE: Roman v. IL
     IL App. Ct. 4th Dist. No. 4-20-0414
     No: 22A374

Dear Mr. Roman:

The above-entitled petition for writ of certiorari was postmarked January 6, 2023 and received January 18, 2023.  The papers are returned for the following reason(s):

The petition exceeds the limit of 40 pages allowed.  Rule 33.2(b).

Please correct and resubmit as soon as possible.  Unless the petition is submitted to this Office in corrected form within 60 days of the date of this letter, the petition will not be filed.  Rule 14.5.

A copy of the corrected petition must be served on opposing counsel.

Sincerely,
Scott S. Harris, Clerk
By:

Emily Walker
(202) 479-5955

Enclosures

US POSTAGE

$ 000.60⁰

ZIP 61764
041M11
0000357109 MAY 22 2023

INDIVIDUAL IN CUSTODY
CORRESPONDENCE
ILLINOIS DEPARTMENT
OF CORRECTIONS

LUIS ROMAN
M12612
PONTIAC CORR. CTR.
700 W. LINCOLN STREET
P.O. BOX 99
PONTIAC ILLINOIS 61764

SCOTT S. HARRIS
CLERK OF THE COURT
SUPREME COURT OF THE UNITED STATES
OFFICE OF THE CLERK
WASHINGTON, D.C. 20543-0001

LEGAL MAIL

20543O0001 C000

## LEGAL MAIL CARD

Roman, Luis M12962

| ORGANIZATION | INCOMING | OUTGOING |
|---|---|---|
| Court of Claims | | 8/2/23, 8/17/23 |
| Loevy & Loevy | 8/3/23 | |
| ARB | | 8/7/23, 8/11/23 |
| Clerk | | 8/11/23, 8/17/23 |
| Solicitor General, US DOJ | | 8/11/23 |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

**PRINT
REQUESTS:**__8/21/23_____

_____

# Supreme Court of the United States
## Office of the Clerk
## Washington, DC  20543-0001

Scott S. Harris
Clerk of the Court
(202) 479-3011

July 27, 2023

Mr. Luis Roman
Prisoner ID #M12962
Pontiac Correctional Center
700 W. Lincoln St., P.O. Box 99
Pontiac, IL  61764

      Re:  Luis Roman
          v. Illinois
          No. 23-5227

Dear Mr. Roman:

The petition for a writ of certiorari in the above entitled case was filed on January 6, 2023 and placed on the docket July 27, 2023 as No. 23-5227.

A form is enclosed for notifying opposing counsel that the case was docketed.

Sincerely,

**Scott S. Harris**, Clerk

by

Emily Walker
Case Analyst

Enclosures



FIRST-CLASS MAIL

$000.63⁰

US POSTAGE
US OFFICIAL MAIL
$ 300 Penalty
For Private Use
ZIP 20543
041M11120601

07/27/2023

OFFICE OF THE CLERK
SUPREME COURT OF THE UNITED STATES
WASHINGTON, DC 20543-0001

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

R6AU09

Lew

Lawrence Correctional Center
10930 Lawrence Road
Sumner, IL 62466

**Supreme Court of the United States**
**Office of the Clerk**
**Washington, DC  20543-0001**

**Scott S. Harris**
Clerk of the Court
(202) 479-3011

October 2, 2023

Mr. Luis Roman
Prisoner ID #M12962
Pontiac Correctional Center
700 W. Lincoln St., P.O. Box 99
Pontiac, IL  61764

      Re:  Luis Roman
          v. Illinois
          No. 23-5227

Dear Mr. Roman:

      The Court today entered the following order in the above-entitled case:

      The petition for a writ of certiorari is denied.

                    Sincerely,

                    **Scott S. Harris**, Clerk



FIRST-CLASS MAIL
$000.63⁰

US POSTAGE

US OFFICIAL MAIL
$300 Penalty
For Private Use
ZIP 20543
041M11120601

NEOPOST
10/02/2023

617843813

0S0B 5500388

OFFICE OF THE CLERK
SUPREME COURT OF THE UNITED STATES
WASHINGTON, DC 20543-0001

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300

PEOPLE OF THE STATE OF ILLINOIS
      RESPONDENT,

   - VS -

LUIS ROMAN
     PETITIONER

)
)
)
)
)
)
)
)
)
)
)
)

FILED IN CIRCUIT COURT
LIVINGSTON COUNTY, ILLINOIS

AUG 12 2021

*H. Ann Dixon*
CIRCUIT CLERK

CIR.Ct.NO. 18-CF-72

HONORABLE
JENNIFER H. BAUKNECHT
JUDGE PRESIDING

## PETITION FOR POST-CONVICTION RELIEF

PURSUANT TO 725 ILCS/122-1, PETITIONER LUIS ROMAN COMES BEFORE THE COURT AND ASKS THAT THE JUDGMENT IN LIVINGSTON COUNTY CASE NO. 18-CF-72 BE VACATED. IN SUPPORT OF THIS REQUEST PETITIONER STATES:

ON JUNE 8TH 2020 PETITIONER WAS SENTENCED BY JUDGE JENNIFER H. BAUKNECHT OF AGGRAVATED BATTERY IN CASE NO. 18-CF-72.

PETITIONER FILED A NOTICE OF APPEAL ON AUGUST 28TH 2020. THE APPEAL WAS DOCKETED IN THE ILLINOIS APPELLATE COURT AS CASE NUMBER: 4-20-0414. PETITIONER'S CONVICTION AND SENTENCE HASN'T BEEN DESIDED UPON BY THE APPELLATE COURT. A PETITION FOR LEAVE TO APPEAL TO THE ILLINOIS SUPREME COURT HASN'T BEEN FILED, SINCE THE APPELLATE COURT HASN'T YET RULED IN THE APPELLATE CASE.

THAT AN DIRECT APPEAL WAS FILED BUT HASN'T BEEN THROUGH IT'S WHOLE PROCESS OF BEING TAKEN, OR, NOT BEING TAKEN FROM THE ABOVE CONVICTION.

PETITIONER'S RIGHT'S UNDER THE CONSTITUTION OF THE UNITED STATES AND THE STATE OF ILLINOIS, WERE SUBSTANTIALLY DENIED IN THAT, PETITIONERS STATES THE FOLLOWING:

## CLAIM 1

## INEFFECTIVE ASSISTANCE OF LIVINGSTON COUNTY BENCH TRIAL COUNSEL

### SECTION A

PETITIONER WAS DENIED HIS RIGHT TO EFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN DEFENSE COUNSEL FAILED TO INTERVIEW AND INVESTIGATE, OR, CALL AS WITNESSES THE PETITIONERS ALIBI WITNESSES WHOSE NAMES AND AFFIDAVIT'S HAD BEEN PROVIDED TO HIM BY THE PETITIONER/DEFENDANT, AND THE WITNESSES WOULD HAVE BEEN ABLE TO PROVIDED TO PROVIDE THE PETITIONER/DEFENDANT WITH AN ALIBI. THAT THE TRIAL COUNSEL FAILED TO INTERVIEW AND INVESTIGATE, OR, CALL AS WITNESSES ARE AS FOLLOWS:

INMATES:
RICKY FRANKS #B81668, ROZELLE PULLMAN #R66557, RALPH KINGS #M02363, HENRY MOUNSON #N73406, DANARIOUS KELLY #M07356.

CORR. OFFICERS OF PONTIAC CORR. CTR.:
T. ROSS #12473,     BECKER #9906, J. PYLE.

MENTAL HEALTH PROFESSIONAL/DOCTOR:
(MHP) TODD NELSON, (MHP) DR. KELLY RENZI.

WHICH WERE TEN (10) PEOPLE WHO COULD HAVE CORROBORATED PETITIONER'S ALIBI. PRIOR TO TRIAL, I INFORMED MY TRIAL COUNSEL THAT AT THE TIME OF ALLEDGED OFFENSE, THAT THE FOLLOWING ACCURE: ON NOVEMBER 14TH 2016 AT APPRX - 10AM I WAS EXCORTED BY C/O BELTER WHILE HOUSED IN THE NORTH CELL HOUSE CELL 336, TO AN LEGAL CALL WITH MY CIVIL ATTORNEY JAMES R. SHULTZ, AND, UPON EXITING MY CELL MAJOR S. PRENTICE & ABOUT 5-7 REGULAR C/O'S (CORRECTIONAL OFFICER'S) WHICH I NOTICE WERE CONDUCTING A GALLERY SHACKDOWN OF CELLS ON 3 GALLERY.

THAT ONCE AT MY LEGAL CALL I NOTICE C/O'S (CORRECTIONAL OFFICER'S) STEVEN TUTOKU, AND EDWARD LOOKING AT ME CAUSE OF WHAT I WAS TALKING ABOUT TO MY CIVIL ATTORNEY. THAT UPON FINISHING MY LEGAL CALL & RETURNING TO MY CELL FROM MY LEGAL CALL, I WAS NOTIFIED BEFORE I EVEN MADE IT TO MY CELL BY I/m RICKY FRANKS #B-81668, & I/m ROZELLE PULLMAN #R-66557 THAT MAJOR S. PRENTICE AND

BOUT 5 C/O'S WERE LOOKING THROUGH MY LEGAL PAPER WORK & TOOK ALL MY FAMILY PICTURE, GYM SHOES.

THAT I IMMEDIATELY HELD THE CUFF & ASKED FOR AN LIEUTENANT WHICH C/O BELTER NOTIFIED LT. CORLEY WHO WAS ON THE GALLERY. THAT MY CELLDOOR WAS REOPENED AN WHILE IN THE PROCESS OF ME ASKING WHERE WERE MY FAMILY PICTURE. THATS WHEN EXCESSIVE FORCE WAS USED TO PULL THE HAND CUFF'S FOR NO REASON & LT. CORLEY WAS STABBING ME IN MY FINGER WITH CUFF KEYS.

THAT I WAS REFUSED MY LUNCH TRAY BY C/O SAM TOPPEL AND, 45 MIN'S LATER C/O FRAZIER, C/O TUTOKY CAME TO MY CELL AND TOLD ME MAJOR S. PRENTICE WANTED TO TALK TO ME DOWNSTAIR AND THIS CLEARLY HAPPEN SHORTLY AFTER I TOOK OFF THE PAPER COVERING MY WINDOW, AND, WHICH I ALREADY KNOW THEY WHERE LYING JUST TO STRIP ME OUT OF MY PROPERTY. SO I TOLD THEM I AM NOT GOING TO CUFF UP AFTER I WAS THREATEN THAT IF I DIDN'T CUFF UP "IF I HAVE TO COME BACK IN ORANGE YOUR GOING TO BE HURTING".

THAT I TOLD THEM I WILL CUFF UP TO TALK TO HER, BUT I KNOW THAT WAS AN LIY SHE WANTED TO STRIP ME OUT OF MY PROPERTY.

THAT AFTER I WAS CUFFED I WAS TAKEN TO THE HOLDING TANK STRIPED DOWN TO MY BOXERS AND INTERVIEW BY MENTAL HEALTH PROFESSIONAL DR. KELLY RENZI & BEHAVIOR HEALTH THERIPIST KAREN BUIS IN TOLD THEM I WAS ATTACKED BY SECURITY, AND, THAT I DIDN'T FEEL SAFE IN (NCH) NORTH CELL HOUSE BAUSE OF SECURITY JUST ATTACKING ME, THAT AFTER TALKING TO MENTAL HEALTH.

I WAS ESCORTED BY C/O FRAZIER, C/O TUTOKY, & LT. CORLEY BY MY HANDS & LEGS IN THE AIR, WHILE MAJOR S. PRENTICE WAS WALKING BEHIND THEM.

THAT ONCE I WAS CARRIED & DRAGGED TO CELL 102 OF THE (NCH) NORTH CELL HOUSE. THAT UPON BEING PLACEE IN THE AND C/O FRAZIER TAKING OFF THE SHACKLES AFTER BEING ORDER TO KNEEL DOWN TO REMOVE THE SHACKLES. THEN I WAS ORDERED/TOLD BY C/O FRAZIER THAT I COULD STAND UP, THAT C/O FRAZIER IMMEDIATELY PUT ME IN A HEADLOCK ONCE I STOOD UP AND SECONDS AFTER C/O FRAZIER SAID AND SAID "HE BITE ME".

THAT IMMEDIATELY THERE AFTER I WAS PUSHED DOWN BY THE TOILET & C/O FRAZIER PUNCHED ME 3x IN THE LEFT SIDE OF MY FACE WITH HIS RIGHT FIST, SHORTLY AFTER I WAS SLAMMED ON THE FLOOR. THAT THEN THE LEG SHACKLES WERE CUFFED TO MY HANDCUFF AN I WAS DRAGGED THROUGH THE FLOOR & PULLED THROUGH THE CELL CUFFING HATCH TO RETRIEVE THE CUFF'S.

THAT THEN I WAS STABBED WITH CUFF KEY'S, AND, MY HAND & FINGERS WERE BEND TO THE POINT WERE MY RIGHT TUM POPPED OUT OF SOCKET, OR, BROKE.

THEN I WAS UFC KICKED BY LT. CORLEY IN MY HAND'S WHICH CAUSED AN CUT'S/LACERATION AN BROUSES IN MY HANDS. THAT I ALSO HAD QUATER INCH DEEP CUT TO MY LEFT PINKY THAT I SAW MHP DR. KELLY RENZI WAS TALKING TO MY NEXT DOOR NEIGHBOR I/m HENRY MOUNSON #N-73406 TELLING HER WHAT JUST ACCU WHILE COMMUNICATING FROM WITHIN HIS CELL 101. I REQUESTED MEDICAL ATTENTION THROUGH HER, WERE NURSES TRACI & SABRINA CAME TO MY CELL AND R/N TRACI FALSIFIED THE SERIOUDNESS OF MY INJURY'S ON MY MEDICAL RECORDS UPON DOING AN BOGUS MEDICAL ASSESSMENT THROUGH AN SMEARED PLEXIGLASS OSERVATION WINDOW.

THAT ON THE 3-11 SHIFT C/O J. PYLE GOT ME MEDICAL TECH KUSHELL COWELL TO CLEAN & WRAPP UP MY FINGER AND "CMT KUSHELL COWELL TOLD ME I WILL POSSIBLY NEED STICHES & THAT SHE WILL PUT ME INTO GET SEEN TOMMOROW BY URGENT CARE. THAT ON NOVEMBER 15TH 2016 R/N TRACI FURTHER FALSIFIED MY MEDICAL RECORDS AND DENIED/INTERFERED WITH A CALL PASS TO URGENT CARE "WHICH IS THE PONTIAC CORR. CTR. HOSPITAL EMERGENCY ROOM".

THAT ONCE MHP TODD NELSON CAME TO DO MY CRISIS TEAM WATCH ASSESSMENT HE SAW THE SERIOUSNESS OF INJURY'S UD UPON MY NEXT DOOR NEIGHBOR IN CELL 101 I/m HENRY MOUNSON#N-73406 TELLING HIM (MHP TODD NELSON) THAT I WAS ATTACKED BY SECURITY/C/O'S & THAT I WAS BEING REFUSED MEDICAL ATTENTION & STILL BEING DENIED MEDICE TENTION.

THAT I ALSO TOLD MY ATTORNEY THAT WHEN THE INCIDENT ACCURE MAJOR S. PRENTICE GAVE LIEUTENANT CORLE N BATH TOWEL BELONGING TO I/m HENRY MOUNSON #N-73406 TO WIPP OFF ALL MY BLOOD OFF HIS HAND & FOREARM ND THAT ALL THIS WAS CAUGHT ON CAMERA.

## SECTION B

THAT THROUGHOUT THE COURSE OF MY AGGRAVATED BATTERY CRIMINAL CASE #18-CF-72 I WROTE MY PUBLIC DEFENDE SCOTT R. RIPLEY ON MORE THAT 7 OCCASION TO NO AVAIL, SEE...

Ex.) INEFFECTIVE ASSISTANT OF COUNSEL EVIDENCE THAT'S UNDISPUTED (TRIAL COUNSEL SCOTT R. Ripley)
ON 6/21/18 WROTE COUNSEL ABOUT THE CAMERA VIDEO FOOTAGE AND, ALSO FOR DISCLOSING ANOTHER DOCUMENTS OF EVIDENCE".
ON 10/8/18 WROTE COUNSEL WITH 8 INQUIRY'S".
ON 11/13/18 WROTE COUNSEL DISCLOSING 300 DOCUMENTS WHICH SOME WERE TO BE USED AS EVIDENCE AT TRIAL".
ON 3/8/19 WROTE COUNSEL ABOUT EXONERATING EVIDENCE & VIDEO SURVAILLANCE FOOTAGE".
ON 4/2/19 WROTE COUNSEL ABOUT INQUIRY'S".
ON 1/1/20 WROTE COUNSEL ABOUT 2 WITNESSES FOR TRIAL BUT ONLY CALLED ONE (ALBERTO COLIN M 13508) DIDN'T CAL BRIAN GOOLSBY R11635), WHICH I ALSO INCLUDED WITNESSES AFFIDAVIT'S (RALPH KINGS#M02336?), (HENRY MOUNSON#N-734
ON 2/13/20 WROTE COUNSEL ABOUT VIDEO WRIT FOR WITNESS".

ALL LETTER'S & INQUIRY'S WERE MOSTLY THE ISSUE THAT WERE TO NO AVAIL.

## SECTION C

THAT PUBLIC DEFENDER SCOTT R. RIPLEY SHOULD'VE PRESENTED THE CAMERA VIDEO FOOTAGE AT THE BENCH TRIAL, AND FURTHER USED IT TO LAYOUT THE "FOUNDATION OF IMPEACHMENT EVIDENCE" WHEN "HE" PUBLIC DEFENDER SCOTT R. RIPLEY IMPROPERLY PUT UP AN VAGUE ARGUEMENT ON THE MATTER OF IMPEACHMENT OF STATE WITNESSES TESTIMONY'S, THAT WOULD OF SHOW THEM LYING IN THERE TESTIMONY ABOUT:

ADRIAN CORLEY TESTIMONY
1st) ONLY BEING IN THE CELL FOR 30 SECONDS. 2nd) ABOUT HIM (LT. ADRIAN CORLEY) NOT RECIEVING AN WHITE BATH TOWEL TO WIPP OFF MY BLOOD OF HIS HAND & FOREARMS & THEN RECIEVING AN GREEN SUICIDE SMOCK TO COVER UP THE BLOODY TOWEL TO WALK OFF OF (GALLERY) IN THE NCH. 3rd) ABOUT HIM NOT UFC KICKING (PETITIONERS) IN THE HAND, OR,

ENDING PETITIONERS FINGERS, 2ND HANDS

## ANTON R. FRAZIER TESTIMONY & STEVEN TUTOKY TESTIMONY

5T) ABOUT NOT SEEING Lt. ADRIAN CORLEY UPC KICKING (PETITIONERS) IN THE HAND, OR, Lt. ADRIAN CORLEY NOT RECIEVING THE WHITE BATH TOWEL TO WIPP OFF MY BLOOD OFF HIS HAND & FOREARMS, and, THEN RECIEVING THE GREEN SUICIDE SMOCK TO COVER UP THE BLOODY TOWEL TO WALK OFF 1 GALLERY. IN THE NCH, and, NOR SEEING Lt. ADRIAN CORLEY BENDING PETITIONERS FINGER OR HANDS THRU THAT THE CUFFING HATCH.

## ANTON R. FRAZIER, STEVEN TUTOKY & Lt. ADRIAN CORLEY TESTIMONY

7T) ABOUT PETITIONER ALLEDGELY GRABBING Lt. ADRIAN CORLEY SHIRT, AND, 2ND) ABOUT PETITIONER ALLEDGELY GRABBING STEVEN TUTOKY HAND.

## ANTON R. FRAZIER'S TESTIMONY

1ST) ABOUT HIM (ANTON R. FRAZIER) IMMEDIATELY LEAVING TO SEE MEDICAL AFTER THE INCIDENT THROUGH THE 102 CELL CUFFING HATCH.

### Ex.3 BENCH TRIAL TRANSCRIPTS, &, SEE VIDEO CAMERA FOOTAGE THAT WILL STAND UNDISPUTED BEFORE THIS HONORABLE COURT?

THAT THE BENCH TRIAL TRANSCRIPTS RECORDED TESTIMONY WILL STAND DISPUTED ON THE (5) GROUNDS FOR BASIS ABOVE BY THE VIDEO CAMERA FOOTAGE WHICH DELIBERATELY FAILED TO BE PRESENTED OR PROPERLY ARGUE WHEN "MY" TRIAL COUNSEL DID THE VAGUES ARGUMENT TO LAY OUT THE GROUNDS FOR IMPEACHMENT & THE FRONT OF THE POSIONS TREE.

SEE: BENCH TRIAL TRANSCRIPTS DATED; APRIL 29TH 2019 FOR WITNESS C/O ANTON R. FRAZIER TESTIMONY, PAGES R-46 R-100; AUGUST 26TH 2019 C/O STEVEN TUTOKY & Lt. ADRAIN CORLEY TESTIMONY'S, PAGES R-61 & R-95. WHICH ARE (EX.3), (EX.7, PAGES 1-2)

### SECTION D

THAT PUBLIC DEFENDER SCOTT R. RIPLEY SHOULD'VE PRESENTED THE CAMERA VIDEO FOOTAGE HE PUT AN MOTION* TO PRESERVED CAMERA FOOTAGE* ON BECAUSE THE VIDEO FOOTAGE IT SELF WOULD'VE SHOWED THEM LIYING AND GOT THE CASE DISMISS ON GROUND OF IMPEACHMENT & ACTUAL INNOCCENCES, AND SHOULD'VE PRESENT THE DOCUMENT I SENT HIM TO PROVES MY INNOCENCES TO BETTER PUT UP ARGUEMENT'S & EVIDENCE.

### Ex.2 DOCUMENTS THAT WHERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY; Ex.5 DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS—ALL WHICH TRIAL COUNSEL HAD AT HIS DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE; EX.8 MENTAL HEALTH & MEDICAL RECORDS

"GRIEVANCES ON STAFF MISCONDUCT (MENTION AS EX. A1-A5) SHOWING MY STORY DIDN'T CHANGE AN SHOW'S I SAID IT WAS CAUGHT ON CAMERA".

"AFFIDAVIT'S OF RICKY FRANKS#B-81668; RALPH KINGS#M08363; HENRY MOUNSON#N-73406, (MENTION AS EX. B1-B5)".

"LETTER TO DIRECTOR OF INTERNAL AFFAIRS OF STAFF CONDUCT DATED 11/20/16 REGARDING THE ISSUE AT BAR".

"GRIEVANCES ON DISCIPLINARY REPORT IN VIOLATION A.D.504.30 (d)(2); AD.504.80; A.D.504.50(A)(B)(D)1,2." MENTION AS EX.E1-E5)

"E-MAIL FROM; GRIEVANCE OFFICER SHARON A. SIMPSON SENT DECEMBER 09,2016 9:14 am TO; JONATHON MICHELIN (MENTION AS "IDOC DOCUMENT NO:000188" AT THE BOTTOM OF RIGHT CORNER OF PAPER, TO, "IDOC DOCUMENT NO: 00201".

"LETTER TO "LIVINGSTON COUNTY STATE'S ATTORNEY'S OFFICE LAW & JUSTICE CENTER"–DATED 11/20/2016"

"LETTER TO "ILLINOIS STATE POLICE HEADQURTERS INVESTIGATOR'S UNIT"–DATED 8/20/2018".

"SENTENCE CALCULATION WORK SHEET REVOCATION OF GOOD CONDUCT CREDITS WHEN SENTENCE IS DETERMINATE UNDER 1978 LAW" DATED 11/21/2017 "WERE 6MONTHS WAS REVOCATED""

DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS "DOCUMENTS TRIAL COUNSEL HAD AT HIS DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE" ((MENTION ROMAN V. FRAZIER 000440-000488, DEFENDANTS WIS ROMAN CRIMINAL INDICTMENT DOCUMENTATION)"

"IDOC–MENTAL HEALTH PROGRESS NOTE PONTIAC C.C. DATED 11/14/16 ((MENTION AS ROMAN-MENTAL HEALTH RECORDS BATES #000233-000238,000272,000274,000275,000276-000280,000312-000317,000334-000338,000375-000374, 000569-000588".

### SECTION E

THAT PUBLIC DEFENDANT SCOTT R. RIPLEY SHOULD'VE INTERVIEWED & CALLED SAID WITNESSES BEFORE TRIAL, WHICH TRIAL COUNSEL DIDN'T.

### Ex.3 BENCH TRIAL TRANSCRIPTS,& , CASE TRANSCRIPTS

THAT IT WILL SHOW TRIAL COUNSEL PUBLIC DEFENDER SCOTT R. RIPLEY DIDN'T ONCE DO ANY PRE-TRIAL INVESTIGATION, NOR INTERVIEWED ANY WITNESSES I DISCLOSED TO HIM AT SAID TIMES DURING THE CASE AT BAR.

### SECTION F
THAT PUBLIC DEFENDER SCOTT R. RIPLEY SHOULD'VE PRESENTED LEGAL DOCUMENT'S I SENT. HIM TO HAVE THEM ADMITTED INTO EVIDENCE DURING MY BENCH TRIAL.

### Ex.1 INEFFECTIVE ASSISTANT OF COUNSEL EVIDENCE THAT'S UNDISPUTED

LETTER TO TRIAL COUNSEL PUBLIC DEFENDER SCOTT R. RIPLEY DISCLOSING 300 DOCUMENTS WHICH SOME WERE TO BE USED AS EVIDENCE AT BENCH TRIAL-DATED 11/13/18.

LETTER TO TRIAL COUNSEL PUBLIC DEFENDER SCOTT R. RIPLEY ABOUT EXONERATING EVIDENCE & VIDEO SURVAILLIANCE"

### SECTION G

THAT PUBLIC DEFENDER SCOTT R. RIPLEY ACTIONS NOT PRESENTING All MY EXCULPATORY EVIDENCE, OR, EXONERATING EVIDENCE WHICH WERE CRITICAL PEACES OF EVIDENCE "THE WOULD'VE TURN THE SCALE TO AN "NOT GUILTY" VERDICT, AND FURTHERMORE THE SCALE WOULD'VE BEEN TURN TO AN "NOT GUILTY" VERDICT IF COUNSEL AT TRIAL IF COUNSEL WAS EFFECTIVE WITH HIS TRIAL STRATEGIES WITH PRESENTATION OF EVIDENCE.

Ex.3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS; Ex.2 DOCUMENTS THAT WHERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY; Ex.5 DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF

DOCUMENTS- ALL WHICH TRIAL COUNSEL HAD HIS DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE ; EX.7 PENALTY OF PERJURY STATUTE & PENALTY OF PERJURY DEFINTION ; EX.8 MENTAL HEALTH & MEDICAL RECORDS, ETC.; AND; VIDEO CAMERA SURVAILLANCE FOOTAGE.

THAT IF TRIAL COUNSEL WOULD'VE NOT BEEN INEFFECTIVE AND WOULD'VE/SHOULD'VE PRESENT "DOCUMENTS THAT WHERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY; DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS- ALL WHICH TRIAL COUNSEL HAD AT HIS DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE; PENALTY OF PERJURY STATUTE & PENALTY OF PERJURY DEFINITION; MENTAL HEALTH & MEDICAL RECORDS, ETC.; AND; VIDEO CAMERA SURVAILLANCE FOOTAGE, PETITIONER WOULD'VE HAD NOT BEEN ABLE TO SHOW AN FINDING OF PREJUDICE TOWARDS HIM BY THE TRIAL COUNSEL & STATES ATTORNEY, AND, FURTHER DENIED THE PETITIONER RIGHT TO AN FAIR TRIAL. (EX-2. Pg. 1-59; 3. Pg. R46-R184; EX.1. Pg. 1-59; EX.7. Pg. 1-2, EX.8. Pg. 1-13) AND; VIDEO CAMERA SURVAILLANCE FOOTAGE).

## SECTION H

THAT PUBLIC DEFENDER SCOTT R. RIPLEY WOULD'VE NOT BEEN INEFFECTIVE IF HE WOULD'VE NOT TOLD ME THAT HE ISN'T GOING TO USE THE CAMERA VIDEO FOOTAGE BECAUSE IT WILN'T GO GOOD IN MY FAVOR WHICH THAT WAS LIAM EXCUSE/EXPLANATION THAT IS & STILL IS UNBELIEVABLE BECAUSE I TOLD HIM THE CAMERA FOOTAGE SHOW'S THE ALLEGE VICTIM ANTON R. FRAZIER, STATE WITNESSES STEVEN TUTOKY, AN, ADRIAN CORLEY TESTIMONY'S THEY ATTESTED AT THE BENCH TRIAL WERE INFACT PERJURED, AND, TRIAL COUNSEL IGNORED ME AND NEVER ADDRESSED THE ISSUE IN COURT AND STARTED TALKING TO THE JUDGE AGAIN. THIS SHOWS HIM BEING PREJUDICE TO PETITIONER, AND, FURTHER DENIED PETITIONER HIS RIGHT TO AN FAIR TRIAL. THAT TRIAL COUNSEL WAS ALSO INEFFECTIVE FOR FAILING TO PRESENT & ADMIT INTO EVIDENCE THE CAMERA VIDEO FOOTAGE AND FOR THOSE REASON SHOWN AGAINST HIM BEING PREJUDICE TO HIM (PETITIONER), AND, ALSO FURTHER DENIED PETITIONER HIS RIGHT TO AN FAIR TRIAL, WITHOUT PREJUDICE BEING SHOWN TO PETITIONER.

EX.1 INEFFECTIVE ASSISTANCES OF COUNSEL EVIDENCE THAT'S UNDISPUTED; EX.2 DOCUMENTS THAT WHERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY ; EX.3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS EX.5 DEFENDANTS' RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS - ALL WHICH TRIAL COUNSEL HAD AT HIS DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE; EX.7 PENALTY OF PERJURY STATUTE & PENALTY OF PERJURY DEFINTION; EX.8 MENTAL HEALTH & MEDICAL RECORDS, ETC.; AND; VIDEO CAMERA SURVAILLANCE FOOTAGE'S

THAT TRIAL COUNSEL PUBLIC DEFENDER SCOTT R. RIPLEY WOULD'VE NOT BEEN INEFFECTIVE IF HE WOULD'VE NOT TOLD LONG WITH THE LIAM EXCUSE/EXPLANATION THAT WAS & STILL IS UNBELIEVABLE BECAUSE I TOLD HIM THE CAMERA FOOTAGE SHOW'S THAT WITNESSES/VICTIM ANTON R. FRAZIER, STATE WITNESSES STEVEN TUTOKY, AN, ADRIAN CORLEY TESTIMONYS THEY ATTESTED AT THE BENCH TRIAL WERE INFACT PERJURED, ALONG WITH TRIAL COUNSEL PUBLIC DEFENDER SCOTT R. RIPLEY NOT PRESENTING & ADMITTING THE EXCULPATORY/EXONERATING EVIDENCE, AN MENTAL HEALTH & MEDICAL RECORDS, ETC.; THAT FURTHERMORE DENIED PETITIONER HIS RIGHT TO AN FAIR TRIAL & WAS PREJUDICE TO THE PETITIONER, ALONG WITH REITERATING SECTION A, THROUGH, H, WHICH FURTHERMORE SUBSTANTIATE THE SHOWING OF PREJUDICE TOWARDS PETITIONER, &, FURTHERMORE DENIED PETITIONER HIS RIGHT TO DUEOF PROCESS TO AN FAIR TRIAL.

LEGAL ARGUMENTS FOR CLAIM 1 SECTION A THROUGH H, ON "INEFFECTIVE ASSISTANCE OF BENCH TRIAL COUNSEL

PETITIONER'S TRIAL COUNSEL WAS INEFFECTIVE WHEN TRIAL COUNSEL COMMITTED THE ACTIONS WHICH ARE DESCRIBED IN DETAIL WITHIN CLAIM 1 SECTION A THROUGH, SECTION H. STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984).

PETITIONER'S COUNSEL WAS INEFFECTIVE IN FAILING TO CONDUCT A REASONABLE PRE-TRIAL INVESTIGATION, AS THE PETITIONER'S CONSISTANTLY STATES THROUGH OUT SECTIONS A, THROUGH, F, IN, CLAIM 1. WIGGINS V. SMITH, 539 U.S. 510 (2003).

PETITIONER'S COUNSEL WAS INEFFECTIVE IN FAILING TO CHALLENGE FACTUAL INACCURACIES IN THE GRAND JURY INDICTMENT HEARING, OR, THE PROBABLE CAUSE HEARING WHEN REQUESTED BY PETITIONER, WITH AN "FRANKS HEARING" WHICH WOULD CLEARLY SET FORTH PETITIONERS INNOCENCES. FRANKS V. DELAWARE, 438 U.S. 154 (1978) 98 S. CT 2674." UNITED STATES, 316 U.S. 531-532, 84 S. CT. 825, 827-828, 11 L. Ed. 20 887 (1964); RUGENDORF V. UNITED STATES V. McMURTREY, 704 F.3d 502 (7th CIR. 2013)

PETITIONERS TRIAL COUNSEL FAILURE TO IMPEACH WITNESSES WITH PRIOR INCONSISTENT STATEMENTS, EVIDENCE OF PRIOR PERJURE WITH ANY OTHER EVIDENCE HE KNEW OR SHOULD HAVE KNOWN ABOUT THAT WAS EFFECTIVELY. SMITH V. WAINWRIGHT, 741 F.2d 1248,12 25 (11th 1984) AND, THE "STRATEGIC DECISIONS" MADE IN IGNORANCE OF APPLICABLE STATE LAW. PEOPLE V. WRIGHT, III ILL. 2d 18 (1986). PETITIONERS TRIAL COUNSEL PRESENTATION WAS IN VIOLATION OF THE PETITIONER RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL PER THE SIXTH AMENDMENT.

## CLAIM 2

THAT LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY AND BLANTANTLY USED FALSE/PERJURED TESTIMONY OF C/O ANTON R. FRAZIER; C/O STEVEN TUTOKY; AND; LT. ADRIAN CORLEY TO OBTAIN AN WRONGFUL/MALICIOUS CONVICTION (PROSECUTOR MISCONDUCT FOR NOT DISCLOSING EXCULPATORY & EXONERATING EVIDENCE, AND STILL PROSECUTING THE CASE UNDER THE MALICIOUS PROSECUTION & INVINDICTIVE PROSECUTION STANDARDS)

## SECTION A

THAT LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY AND BLANTANTLY USED FALSE/PERJURED TESTIMONY OF C/O ANTON R. FRAZIER, C/O STEVEN TUTOKY AND, LT. ADRIAN CORLEYS TO OBTAIN AN WRONGFUL/ MALICIOUS CONVICTION OF PETITIONER. PETITIONER WAS DENIED HIS RIGHT TO AN FAIR TRIAL & WAS PREJUDICE TO PETITIONER BY THE ACTS OF THE PROSECUTOR'S. EX.3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS ; AND; VIDEO CAMERA SURVAILLANCE FOOTAGE

THAT FIRST & FOREMOST THAT LIVINGSTON COUNTY STATES ATTORNEYS OFFICE KNOWINGLY & BLANTANTLY USED FALSE/ PERJURED TESTIMONY OF C/O ANTON R. FRAZIER, C/O STEVEN TUTOKY, LT. ADRIAN CORLEY TO OBTAIN AN WRONGFUL/MALICIOUS PROSECUTION AND WRONGFUL CONVICTION UNDER THE "FRUIT OF THE POISONS TREE" BECAUSE THEY KNEW THE VIDEO CAMERA SURVAILLANCE FOOTAGE THEY HAD ACCESS TO ALSO, SHOWED THE TESTIMONY'S GIVEN BY LT. ADRIAN CORLEY SAYING HE NEVER UFC KICKED OR KICKED ANYBODY, OR, PETITIONER IN THE HANDS, OR, STABB PETITIONER WITH CUFF KEYS. OR, BEND PETITIONER HANDS & FINGERS WAS AN PERJURED TESTIMONY'S.

THAT HE NEVER RECIEVED AN BATH TOWEL TO WIPP PETITIONERS BLOOD OFF OF HIS HANDS; AND, THAT HE NEVER RECIEVED AN OPEN SUICIDE SMOCK TO COVER UP THE BLOODY BATH TOWEL TO WALK OFF OF THE 1 GALLERY IN THE NORTH CELL HOUSE. ALSO THAT, HE WAS ONLY IN THE CELL WITH ME FOR 30 SECONDS, AND, SEEING C/O ANTON R. FRAZIER BITE MARK, AN SEEING PETITIONER SEE C/O ANTON R. FRAZIER ABOUT NOT SEEING C/O ANTON R. FRAZIER PUTTING PETITIONER IN A HEADLOCK, OR, PUNCHING PETITIONER IN THE FACE.

THE CAMERA VIDEO FOOTAGE WILL SHOW MOST OF WHAT WAS RECORDED WILL SHOW LT. ADRIAN CORLEY KNOWINGLY LIED TO COVER UP THE INCIDENT AND THE TRUTH TO HAVE THE LIVINGSTON COUNTY STATES ATTORNEY OFFICE OBTAIN AN WRONGFUL CONVICTION. THAT WITH UP OF THOSE BLANTANTLY, LIES TO COVER UP THE INCIDENT AND THE TRUTH TO HAVE THE LIVINGSTON COUNTY STATES ATTORNEY OFFICE OBTAIN AN WRONGFUL CONVICTION/MALICIOUS CONVICTION, AN, WITH EVEN KNOWINGLY THE TESTIMONY'S WERE PERJURED, THAT, BOTH ALUEDGE VICTIM ANTON R. FRAZIER, &, C/O STEVEN TUTOKY, LT. ADRIAN CORLEY BLANTANTLY MADE AN MOCKERY OF THE LIVINGSTON COUNTY JUDICIAL CIRCUIT COURT COURTHOUSE BY GIVING AN PERJURED TESTIMONY. (EX.3 Pg. R1-R184), AND, PAY CLOSE ATTENTION TO EX.3. Pg. R46-R184), AND, VIDEO CAMERA SURVAILLANCE FOOTAGE. THE USAGE OF THOSE PERJURED TESTIMONYS TO CONVICT PETITIONER, EVEN THOUGH IT WAS PART OF THE POISONS TREE.

THAT LIVINGSTON COUNTY STATES ATTORNEY OFFICE KNOWINGLY & BLANTANTLY USED FALSE/PERJURED TESTIMONY OF %ANTON R. FRAZIER SAYING I BITE HIM & THAT HE NEVER SAW LT. ADRIAN CORLEY RECIEVED AN BATH TOWEL TO WIPP OFF MY BLOOD OF HIS (LT. ADRIAN CORLEY) HAND & FOREARM, and THAT LT. ADRIAN CORLEY NEVER RECIEVED AN GREEN SUICIDE SMOCK TO COVER UP THE BLOODY BATH TOWEL TO WALK OFF OF 1 GALIERY IN THE NORTH CELL HOUSE, and, lied ABOUT PUNCHING & PUTTING PETITIONER IN A HEADLOCK.

EX.2 DOCUMENTS THAT WHERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY; EX.3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS; EX.5 DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS-ALL WHICH TRIAL COUNSEL & STATES ATTORNEY had at THERE DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/ EXONERATING EVIDENCE; AND; VIDEO CAMERA SURVAILLANCE FOOTAGE

THAT THE STATES ATTORNEY KNOWINGLY & BLANTANTLY USED PERJURED TESTIMONY'S OF %ANTON R. FRAZIER; C/O STEVEN TUTOKY; LT. ADRIAN CORLEY, WHICH COULD BE EASILY PROVEN THROUGH; EX.2 DOCUMENTS THAT WERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER MR. RIPLEY; EX.3 BENCH TRIAL TRANSCRIPT & CASE TRANSCRIPTS; EX.5 DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENT'S - ALL WHICH TRIAL COUNSEL & STATES ATTORNEY HAD AT THERE DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE, AND VIDEO CAMERA SURVAILLANCE FOOTAGE. THAT COULD SHOW WITH (EX.2) PETITIONERS TESTIMONY NEVER CHANGE AS TO THE CHAIN OF EVENTS WITHIN THE INCIDENT & THE STEP'S HE TOOK TO ATTEMPT TO CURE THE INCIDENT & TO PROSECUTE INCIDENT WHICH WERE TO NO AVIAL.

THAT COULD ALSO BE SHOWN WITH (EX.3) %ANTON R. FRAZIER PERJURED TESTIMONY ON APRIL 29TH 2019 ALLEDGLY NOT SEEING LT. ADRIAN CORLEY RECIEVING AN WHITE BATH TOWEL TO WIPP OFF MY BLOOD OFF HIS HAND & FOREARMS, &, THEN NOT SEEING HIM RECIEVED AN GREEN SUICIDE SMOCK TO COVER UP THE BLOODY TOWEL TO WALK OFF OF 1 GALIERY, IN THE NCH and ABOUT NOT SEEING LT. ADRIAN CORLEY BENDING PETITIONERS ARMS, FINGERS, OR UFC KICKING ME IN MY HANDS, and, LYING ABOUT PETITIONER ALLEDGELY GRABBING LT. ADRIAN CORLEY SHIRT AN GRABBING C/O STEVEN TUTOKY HAND, AND ABOUT ME ALLEDGELY BITING HIM.

THAT WITH THE VIEWING OF THE VIDEO CAMERA SURVAILLANCE FOOTAGE IT WILL SET FORTH %ANTON R. FRAZIER PERJURED TESTIMONY, AND, WITH THAT PERJURED TESTIMONY AN THE FAILURE TO PRESENT PROOF AN ACTUAL TETANUS SHOT BEING ADMINISTERED BY ST. JAMES HOSPITAL MEDICAL STAFF, AND, PHOTOGRAPH OF ACTUAL BITE MARK/INJURY. ALSO SEE (EX.5) FURTHER PROOF OF PERJURED, CLOSE ATTENTION TO (INCIDENT REPORTS-INTERVIEWEE'S STATEMENT'S- AND INVESTIGATORS JEREMY OLSON INVESTIGATION AN INVESTIGATION CONCUSION REPORTS THAT'S PART OF THE INDICTMENT" WHICH WILL SHOW AN TOTALLY DIFFERENT CHAIN OF EVENTS ACCURING ON VIDEO CAMERA SURVAILLANCE FOOTAGE" OF THOSE USED TO CONVICT PETITIONER, EVEN THOUGH IT WAS PART OF THE POLSONS TREE".

## SECTION C

THAT LIVINGSTON COUNTY STATES ATTORNEY OFFICE KNOWINGLY & BLANTANTLY USED FALSE/PERJURED TESTIMONY OF %STEVEN TUTOKY, SAYING HE NEVER SAW LT. ADRIAN CORLEY RECIEVED AN BATH TOWEL TO WIPP OFF MY BLOOD OF HIS (LT. ADRIAN CORLEY) HAND & FOREARM, and, THAT LT. ADRIAN CORLEY NEVER RECIEVED AN GREEN SUICIDE SMOCK TO COVER UP THE BLOODY BATH TOWEL TO WALK OFF OF 1 GALIERY IN THE NORTH CELL HOUSE, and, lied ABOUT NOT SEEING %ANTON R. FRAZIER PUNCHING ME IN THE FACE & PUTTING PETITIONER IN A HEADLOCK, and ABOUT SEEING LT. ADRIAN CORLEY BENDING PETITIONERS ARMS FINGERS, OR UFC KICKING ME IN MY HANDS, and, FURTHER lied ABOUT ME ALLEDGELY GRABBING LT. ADRIAN CORLEY SHIRT AND GRABBING HIS (STEVEN TUTOKY) HAND, ABOUT SEEING ME BITE %ANTON R. FRAZIER AND SEEING THE ALLEDGE BITC MARK. ALSO ABOUT %O ANTON R. FRAZIER IMMEDIATELY LEAVING AFTER THE CUFFING HATCH INCIDENT.

EX.2 DOCUMENTS THAT WHERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY; EX.3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS; EX.5 DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENT'S - ALL WHICH TRIAL COUNSEL & STATES ATTORNEY had at THERE DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE; AND; VIDEO CAMERA SURVAILLANCE FOOTAGE.

THAT THE STATES ATTORNEY KNOWINGLY & BLANTANTLY USED PERJURED TESTIMONY'S OF %O STEVEN TUTOKY, WHICH COULD BE EASILY PROVEN THROUGH; EX.2 DOCUMENTS THAT WERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY; EX.3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS; EX.5 DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS-ALL WHICH TRIAL COUNSEL & STATES ATTORNEY HAD AT THERE DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/ XENERATING EVIDENCE, AND VIDEO CAMERA SURVAILLANCE FOOTAGE. THAT COULD SHOW WITH (EX.2) PETITIONER TESTIMONY NEVER CHANGE AS TO THE CHAIN OF EVENTS WITHIN THE INCIDENT & THE STEP'S HE TOOK TO ATTEMPT TO CURE THE INCIDENT, &, TO PROSECUTE INCIDENT WHICH WERE TO AVIAL.

THAT COULD ALSO BE SHOWN WITH (EX.3) %O STEVEN TUTOKY PERJURED TESTIMONY ON AUGUST 26TH 2019 ALLEDGLY NOT SEEING LT. ADRIAN CORLEY RECIEVING AN WHITE BATH TOWEL TO WIPP OFF MY BLOOD OF HIS HAND & FOREARM'S, &, THEN NOT SEEING HIM NOT SEEING LT. ADRIAN CORLEY BENDING PETITIONERS ARMS, FINGERS, OR UFC KICKING ME IN MY HANDS, AND, about PETITIONER ALLEDGELY GRABBING LT. ADRIAN CORLEY SHIRT, AN GRABBING HIS (STEVEN TUTOKY) HAND, AND ABOUT ME ALLEDGELY BITING %O ANTON R. FRAZIER & SEEING THE ALLEDGED BITE MARK, ALSO "ABOUT %O ANTON R. FRAZIER IMMEDIATELY LEAVING AFTER THE CUFFING HATCH INCIDENT.

THAT WITH THE VIEWING OF THE VIDEO CAMERA SURVAILLANCE FOOTAGE IT WILL SET FORTH %O STEVEN TUTOKY PERJURED TESTIMONY AND, WITH THAT PERJURED TESTIMONY AND THE FAILURE TO PRESENT PROOF AN ACTUAL TETANUS SHOT BEING ADMINISTERED BY ST. JAMES HOSPITAL MEDICAL STAFF, AND, PHOTOGRAPH OF ACTUAL BITE MARK/INJURY. ALSO SEE (EX.5) FOR FURTHER PROOF OF PERJURY, CLOSE ATTENTION TO (INCIDENT REPORTS-INTERVIEWEE'S STATEMENTS- AND INVESTIGATOR'S JEREMY OLSON INVESTIGATION AN INVESTIGATION CONCLUSION REPORTS THAT'S PART OF THE INDICTMENT" WHICH WILL SHOW AN TOTALLY DIFFERENT CHAIN OF EVENTS ACCURING ON VIDEO CAMERA SURVAILLANCE FOOTAGE" OF THOSE USED TO CONVILT PETITIONER, EVEN THOUGH IT WAS PART OF THE POLSONS TREE).

## SECTION D

THAT LIVINGSTON COUNTY STATES ATTORNEY'S OFFICE NEVER USE FALSE/PERJURED TESTIMONY OF LT. ADRIAN CORLEY SAYING HE NEVER UFC KICKED (PETITIONER) ME OR KICKED ANYBODY IN THE HANDS, OR STABBED PETITIONER WITH CUFF KEYS, OR BEND PETITIONER HANDS FINGER. THAT HE NEVER RECIEVED AN BATH TO WIPP PETITIONER'S BLOOD OFF HIS HANDS & FOREARM, AND THAT HE NEVER RECIEVED AN GREEN SUICIDE SMOCK TO COVER UP THE BLOODY BATH TOWEL TO WALK OFF OF 1 GALIERY IN THE NORTH CELL HOUSE. ALSO THAT HE WAS ONLY IN THE CELL WITH ME FOR 20 SECONDS. THAT HE SAW %O ANTON R. FRAZIER BITE MARK & SAW PETITIONER BITE %O ANTON R. FRAZIER AN THAT HE NEVER SAW %O ANTON R. FRAZIER PUTING PETITIONER IN A HEADLOCK OR PUNCHING HIM IN HIS FACE. THAT PETITIONER ALLEDGELY GRABBED HIS (LT. ADRIAN CORLEY) SHIRT, &, ABOUT SEEING PETITIONER ALLEDGELY ~~GRABBING~~ GRABBING %O STEVEN TUTOKY HAND, AND THAT I ALLEGED SPITE AT HIM BUT MISSED/DON'T MAKE CONTACT.

EX.2 DOCUMENTS THAT WERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY; EX.3 ~~BENCH TRIAL~~ BENCH TRIAL TRANSCRIPT & CASE TRANSCRIPTS; EX.5 DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST'S FOR PRODUCTION'S-ALL WHICH TRIAL COUNSEL & STATES ATTORNEY had at THERE DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY/EVIDENCE EXONERATING EVIDENCE; AND; VIDEO CAMERA SURVAILLANCE FOOTAGE.

THAT THE STATES ATTORNEY KNOWINGLY & BLANTANTLY USED PERJURED TESTIMONY'S OF LT. ADRIAN CORLEY, WHICH COULD BE EASILY PROVEN THROUGH; EX.2 DOCUMENTS THAT WERE WITHIN MY DISCLOSURE TO PUBLIC DEFENDER SCOTT R. RIPLEY; EX.3 BENCH TRIAL TRANSCRIPT & CASE TRANSCRIPT; EX.5 DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST REQUEST'S FOR PRODUCTION OF DOCUMENT'S ALL WHICH TRIAL COUNSEL & STATES ATTORNEY HAD AT THERE DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY

TO THE CHAIN OF EVENTS WITHIN THE INCIDENT & THE STEPS HE TOOK TO ATTEMPT TO CURB THE INCIDENT'S, TO PROSECUTE INCIDENT
THAT WERE TO NO AVAIL.

THAT COULD ALSO BE SHOWN WITH (EX.3) LT. ADRIAN CORLEY PERJURED TESTIMONY ON AUGUST 26TH 2019, ALLEGEDLY NOT RECIEVING AN WHITE
TOWEL TO WIPED OFF MY BLOOD OF HIS HAND & FOREARMS, & NOT RECIEVING AN GREEN SUICIDE SMOCK TO COVER UP THE BLOODY
LAYING ABOUT PETITIONER ALLEGEDLY GRABBING LT. ADRIAN CORLEY HIS SHIRT, AND GRABBING HIS (STEVEN TUTSKI) HAND,
OUT ME ALLEGEDLY BITING A % ANTON R. FRAZIER, & SEEING THE ALLEGEDLY BITE MARK, ALSO ABOUT % ANTON R. FRAZIER
ICE & POTING PETITIONER IN A HEADLOCK.

THING, AND, WITH THE VIDEO CAMERA SURVAILLIANCE FOOTAGE IT WILL SET FORTH LT. ADRIAN CORLEY PERJURED TESTIMONY OF WRONGFUL
X.5) FOR FURTHER PROOF OF PERJURY, "CLOSE ATTENTION TO (INCIDENT REPORTS-INTERVIEWEE'S STATEMENT'S-AND INVESTIGATED
AND, WITH THAT PERJURED TESTIMONY ON THE FAILURE TO PRESENT PROOF AN ACTUAL TETANUS SHOT BEING
MINISTERED BY ST. JAMES HOSPITAL MEDICAL STAFF, AND, PHOTOGRAPH OF ACTUAL BITE MARK/ INJURY. ALSO SEE
JEREMY OLSON INVESTIGATION, AND, INVESTIGATION CONCLUSION REPORTS THAT'S PART OF THE INDICTMENT" WHICH
IT SHOW AN TOTALLY DIFFERENT CHAIN OF EVENTS ACCURING ON VIDEO CAMERA SURVAILLIANCE FOOTAGE" OF
THOSE USED TO CONVICT PETITIONER, EVEN THOUGH IT WAS PART OF THE POISONS TREE).

## SECTION E

THAT LIVINGSTON COUNTY STATES ATTORNEY OFFICE KNOWINGLY OBTAIN AN INDICTMENT OFF OF FALSIFIED
DOCUMENTS AND PERJURED TESTIMONY, ALONG WITH THE FAILURE PRESENT PROOF OF SHOWING OF PERJURED TESTIMONY
THROUGH THE SHOWING THE VIDEO CAMERA SURVAILLIANCE FOOTAGE TO THE LIVINGSTON COUNTY GRAND JURY, AND,
DEFORMATION OF PETITIONER CHARACTAR.

EX.3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS; EX.5 DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST REQUESTS
FOR PRODUCTION OF DOCUMENTS - ALL WHICH TRIAL COUNSEL & STATES ATTORNEY HAD AT THERE DISPOSAL
DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY / EXONERATING EVIDENCE; AND; VIDEO
CAMERA SURVAILLIANCE FOOTAGE

THAT LIVINGSTON COUNTY STATES ATTORNEY OFFICE KNOWINGLY & BLANTANTLY OBTAIN AN INDICTMENT OFF OF
THROUGH THE SHOWING THE VIDEO CAMERA SURVAILLIANCE FOOTAGE TO THE LIVINGSTON GUILTY GRAND JURY, AND, DEFORMATION
OF PETITIONER CHARACTAR.

THAT IT COULD ALSO BE PROVEN WITH THE VIEWING OF THE MARCH 9TH 2018 LIVINGSTON COUNTY GRAND JURY PROCEEDINGS
WHICH WERE NEVER DISCLOSE IN THE TRIAL COURTS TRANSCRIPTS PREPARATION'S, AND, VIEWING EX.3 BENCH TRIAL
TRANSCRIPTS & CASE TRANSCRIPTS) WHICH WILL BE TOTALLY CONTRADICT BY THE VIDEO CAMERA SURVAILLIANCE FOOTAGE, AND,
EX.5 DEFENDANTS RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS - ALL WHICH TRIAL COUNSEL
& STATES ATTORNEY HAD AT THERE DISPOSAL DURING THE CASE AND AT THE BENCH TRIAL AS EXCULPATORY / EXONERATING
EVIDENCE) THAT WITH USE OF (EX.3) AND (EX.5) ALONG WITH THE VIEWING OF THE VIDEO CAMERA SURVAILLIANCE FOOTAGE
WHICH WILL SHOW THE TOTALLY CONTRADICT AND HOW THE STATEMENTS WERE INCONSISTANT AN PERJURED. THAT FURTHERMORE
DENIED PETITIONER HIS RIGHT TO AN FAIR TRIAL & FAIR GRAND JURY PROCEEDING HEARING, & WAS PREJUDICE TO PETITIONER,
ALONG WITH SECTION A, THROUGH, SECTION E, WHICH FURTHERMORE SUBETANTIATE THE SHOWING OF PREJUDICE THRUG'S
PETITIONER, &, FURTHERMORE DENIED PETITIONER HIM HIS RIGHT TO DUE OF PROCESS TO AN FAIR TRIAL.

LEGAL ARGUMENTS FOR CLAIM 2 SECTION A THROUGH E, ON LIVINGSTON COUNTY STATES ATTORNEY'S OFFICE
KNOWINGLY AND BLANTANTLY USED FALSE / PERJURED TESTIMONY OF % ANTON R. FRAZIER; % STEVEN TUTSKI
LT. ADRIAN CORLEY TO OBTAIN AN WRONGFUL/ MALICIOUS CONVICTION; PROSECUTOR MISCONDUCT FOR NOT
DISCLOSING EXCULPATORY & EXONERATING EVIDENCE, AND STILL PROSECUTING THE CASE UNDER THE MALICIOUS
PROSECUTION & INVINDICTIVE PROSECUTION STANDARDS

STATE INTRODUCED IN EVIDENCE INCONSISTANT & PERJURED TESTIMONY'S OF % ANTON R. FRAZIER, % STEVEN TUTSKI,
LT. ADRIAN CORLEY KNOWING WITNESSES WHERE SHOWING MALICIOUS & RECKLESS DISREGARD FOR THE TRUTH AN THE
INTEGRITY OF THE COURT AND IDOC, THE CHARGES WHICH RESULTED IN PETITIONER'S CONVICTION WERE THE
PRODUCT OF DISCRIMINATORY ENFORCEMENT OF THE LAW... YICK WO V. HOPKINS, 118 U.S. 356 (1886).

THE CHARGES WHICH RESULTED IN PETITIONER'S CONVICTION ARE THE RESULT OF PROSECUTORIAL VINDICTIVENESS
BASED PETITIONER'S EXCERCISE OF A LEGAL RIGHT... BLACKLEDGE V. PERRY, 417 U.S. 21 (1974); U.S. V. GOODWIN,
57 U.S. 368 (1982).

THAT PROSECUTOR'S MISSTATEMENT OF MATERIAL FACT WERE USED TO OBTIAN PETITIONER'S CONVICTION...
BERGER V. U.S., 295 B.S. 78 (1935)

THE MATERIAL AND PREJUDICIAL "TESTIMONIAL" EVIDENCE WAS INTRODUCED AGAINST PETITIONER WITHOUT AN
OPPORTUNITY FOR CROSS-EXAMINATION... CRAWFORD V. WASH, 541 U.S. 36 (2004); DAVIS V. WASH, 126 S.ct 2266 (2006)

THE PETITIONER'S CONVICTION WAS OBTAINED AS A RESULT OF PROSECUTORIAL MISCONDUCT... DARDEN V. WAINWRIGHT
477 U.S. 168 (1986)

THE PROSECUTOR DELIBERATELY & KNOWINGLY USED PERJURED TESTIMONY TO OBTAIN A CONVICTION, THE PROSECUTION
KNEW OR SHOULD HAVE KNOWN THE TESTIMONY WAS FALSE, AND PREJUDICE RESULTED... NAPUE V. ILLINOIS, 360 U.S. 264
1959); FRANKS V. DELAWARE, 438 U.S. 154 (1978) 98 Sct 2674; UNITED STATES V. MC MURTREY, 704 F.3d 502 (7TH CIR. 2013)

THE STATE RULES OF EVIDENCE WERE APPLIED IN A WAY WHICH DENIED PETITIONER THE RIGHT TO PRESENT A COMPLETE
DEFENSE... HOLMES V. S.CAR-, 126 S.ct. 1727 (2006)

THE PETITIONER'S CONVICTION WAS BASED ON EVIDENCE KNOWN TO BE FALSE... MILLER V. PATE, 386 U.S. 1 (1967)

THE PETITIONER'S CONVICTION WAS BASED ON LESS THAN PROOF BEYOND A REASONABLE DOUBT OF EACH AND EVERY ELEMENT
OF THE CHARGED CRIME... IN RE WINSHP, 397 U.S. 358 (1970)

THE PROSECUTOR CONDUCT WAS IN VIOLATION OF THE EIGHTH AND FOURTEENTH AMENDMENTS.

## CLAIM 3

### ABUSED OF LIVINGSTON COUNTY TRIAL COURT DISCREPTION; TRIAL COURT ERROR

SECTION A

THAT THE LIVINGSTON COUNTY TRIAL COURT ABUSED IT'S DISCREPTION DENYING PETITIONER TO REPERSENT HIS SELF
AND DENYING PETITIONER TO FIRE COUNSEL SCOTT R. RIPLEY, AND, WHEN NOT READDRESSING THE MENTAL HEALTH ISSUE
EVALUATION OF PETITIONER MENTAL HEALTH ILLNESS, AN EXCESSIVE SENTENCING BY TRIAL COURT.

EX.3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS

THAT THE LIVINGSTON COUNTY TRIAL COURT ABUSE IT'S DISCREPTION WHEN FAILED TO READDRESS THE PETITIONER
WANTING TO FIRE COUNSEL SCOT R. RIPLEY. SEE (EX.3) NOV. 13TH 2018 TRANSCRIPT WHERE PETITIONER CLEARLY

THAT THE LIVINGSTON COUNTY TRIAL CONST. COURT ABUSE IT'S DISCRETION WHEN NOT HAVING PETITIONER PRESENT FOR 2.) DEC 10TH 2018 MENTAL HEALTH FITNESS HERRING TO SEE PETITIONER HAD ANY REBUTTAL/DISPUTED TO HIS TRIAL COUNSEL, SEE DEC 10TH 2018 TRANSCRIPTS WERE TRIAL COUNSEL TOOK IT UPON HIS SELF WITH, THE HELP OF THE TRIAL COURT TO DENIED PETITIONER AN MENTAL HEALTH FITNESS HEARING.

THAT LIVINGSTON COUNTY TRIAL COURT ABUSED IT'S DISCRETION WHEN SENTENCING THE PETITIONER TO THE PENALTY OF TWELVE (12) YEARS IN THE ILLINOIS DEPARTMENT OF CORRECTIONS, TOGETHER WITH OTHER PROVISIONS, FINES AND COSTS, WITHOUT RECONSIDERING AND LESSEN THE SENTENCE ENTERED IN THE CAUSE, WITH THE RESPECT TO MITIGATING FACTORS OF IMPOSING THE SENTENCE HEREIN CIRCUMSTANCES SET FORTH WITHIN LEGISLATURE IN 730 ILCS $\S \S 5-5-3.1$, AND COMMON LAW. STATES "ALL PENALTIES SHALL BE DETERMINED BOTH ACCORDING TO THE SERIOUSNESS OF THE OFFENSE AND WITH THE OBJECTIVE OF RESTORING THE OFFENDER TO USEFUL CITIZENSHIP" (EMPHASIS ADDED). "ALTHOUGH A TRIAL COURT IS ALLOWED DISCRETION IN SENTENCING MATTER. IT STILL HAS AN OBLIGATION TO EXERCISE THAT DISCRETION RESPONSIBLY AND IN A MANNER THAT EFFECTS THE CONSTITUTIONAL MANDATE THAT ALL PENALTIES SHALL BE DETERMINED ACCORDING TO THE SERIOUSNESS OF THE OFFENSE, WITH THE OBJECTIVE OF RESTORING THE DEFENDANT/PETITIONER TO USEFUL CITIZENSHIP.

THAT LIVINGSTON COUNTY TRIAL COURT FAILED TO CONSIDER THE PETITIONER/DEFENDANT TWELVE (12) INCARCERATION WOULD CAUSE EXCESSIVE HARDSHIP TO HIS FAMILY, ALL OF THESE MATTER HAVING BEEN DEEMED TO BE FACTORS WHICH MUST BE CONSIDERED BY THE COURT AS SET FORTH BY THE LEGISLATURE IN 730 ILCS $5/5-5-3.1$, AND COMMON LAW. WHICH WAS REJUDICED THROUGH PETITIONER, AND DENIED PETITIONER AN FAIR TRIAL.

<u>LEGAL ARGUMENTS FOR CLAIM 3 SECTION A, ON LIVINGSTON COUNTY TRIAL COURT ERROR, AND THE CUMULATIVE ERRORS, AND CUMULATIVE ABUSE OF LIVINGSTON TRIAL COURT DISCRETION</u>

THE TRIAL COURT DENIED PETITIONER HIS CONSTITUTIONAL RIGHT TO REPRESENT HIMSELF AT WHEN MAKING CRITICAL DECISION AT WHEN THERE WAS NO INDICATION THAT MR. ROMAN SUFFERED FROM SEVERE MENTAL ILLNESS THAT WOULD HINDER HIS ABILITY TO WAIVE COUNSEL OR REPRESENT HIMSELF A TRIAL.

THAT ORDINARILY, A COURT'S DETERMINATION OF WHETHER A DEFENDANT MAY PROCEED PRO SE IS REVIEWED FOR IN ABUSE OF DISCRETION. PEOPLE V. GRAY 2013 IL APP (1ST) 101064, ¶ 23. HOWEVER, A DEFENDANT HAS A CONSTITUTION RIGHT TO REPRESENT HIMSELF, AND THE STANDARD OF REVIEW FOR DETERMINING WHETHER AN INDIVIDUAL'S CONSTITUTIONAL RIGHTS HAVE BEEN VIOLATED IS DE NOVO. FARETTA V. CALIFORNIA, 422 U.S. 806, 812-18 (1975); PEOPLE V. BURNS, 209 ILL. 2D 551. 560 (2004).

THE UNITED STATES AND ILLINOIS CONSTITUTIONS GUARANTEE A CRIMINAL DEFENDANT THE RIGHT TO REPRESENT HIMSELF. U.S. CONST. AMENDS. VI. XIV; FARETTA, 422 U.S. AT 812-16; ILL. CONST. 1970, ART. 1, §8; PEOPLE V. GIBSON, 136 ILL. 2D 362, 374 (1990). "THE RIGHT OF SELF-REPRESENTATION IS "AS BASIC AND FUNDAMENTAL AS [THE] RIGHT TO BE REPRESENTED BY COUNSEL'" PEOPLE V. HAYNES, 174 ILL. 2D 204, 235 (1996). A DEFENDANT IS ENTITLED TO REPRESENT HIMSELF IF HE MAKES A "CLEAR AND UNEQUIVOCAL" WAIVER OF HIS RIGHT TO COUNSEL AND "DEFINITIVELY" INVOKES HIS RIGHT OF SELF-REPRESENTATION BY MAKING AN ARTICULATE AND UNMISTAKEABLE DEMAND TO PROCEED WITHOUT COUNSEL. SEE. (EX-3) NOV 13TH 2018 TRANSCRIPTS, AND, SEE (EX.3) DEC 10TH 2018 TRANSCRIPTS. PEOPLE V. ALLEN, 401 ILL. APP. 3D 840, 851 (1ST DIST. 2010); PEOPLE V. MCNUTT, 2020 IL APP (1ST) 173030, ¶90.; PEOPLE V. SHELBY, 2012 IL APP(3D) 090933, ¶¶ 25, 28.

PETITIONER 12-YEAR SENTENCE IS EXCESSIVE WHERE HIS CONDUCT DID NOT CAUSE SERIOUS HARM, AND MR. ROMAN WAS SENTENCED FOR A CLASS X OFFENSE FOR CONDUCT THAT WOULD OTHERWISE BE SENTENCED AS A CLASS 2 FELONY. THAT A REVIEWING COURT MAY NOT ALTER A DEFENDANT'S SENTENCE ABSENT AN ABUSE OF DISCRETION BY THE TRIAL COURT. PEOPLE V. ALEXANDER, 239 ILL. 2D 205, 212 (2010). AN ABUSE OF DISCRETION OCCURS WHEN THE TRIAL COURT IMPOSE A SENTENCE THAT IS MANIFESTLY DISPROPORTIONATE TO THE NATURE OF THE OFFENSE. PEOPLE V. STACEY, 193 ILL. 2D 203, 9 (2000). A REVIEWING COURT MAY REDUCE A SENTENCE WITHIN THE STATUTORY LIMITS WHERE IT FINDS THAT THE TRIAL COURT ABUSED ITS DISCRETION. ILL. S. CT. R. 615 (B)(4).

THAT BOTH THE UNITED STATES AND ILLINOIS CONSTITUTIONS GUARANTEE DEFENDANTS THE RIGHT TO A FAIR SENTENCING HEARING AND TO A SENTENCE THAT COMPORTS WITH DUE PROCESS. U.S. CONST. AMENDS. IV, XIV; ILL. CONST. 1970 ART. 1, §2; PEOPLE V. SIMMS, 143 ILL. 2D 154, 170 (1991). THE ILLINOIS CONSTITUTION REQUIRES THAT ALL SENTENCES "BE DETERMINED BOTH ACCORDING TO THE SERIOUSNESS OF THE OFFENSE AND WITH THE OBJECTIVE OF RESTORING THE OFFENDER TO USEFUL CITIZENSHIP." ILL. CONST. 1970, ART. I, §11. THIS CONSTITUTIONAL GUARANTEE REQUIRES THE TRIAL COURT BALANCE THE RETRIBUTIVE AND REHABILITATIVE PURPOSES OF PUNISHMENT. PEOPLE V. QUINTANA, 332 ILL. APP. 3D (1ST. 2002). THE TRIAL COURT'S FAILURE TO COMPLY WITH THIS GUARANTEE UNDERMINES THE INTEGRITY OF THE JUDICIAL PROCESS AND VIOLATES THE DEFENDANT'S RIGHT TO A FAIR SENTENCING HEARING. SEE PEOPLE V. LEWIS, 234 ILL. 2D 32, 48 (2009). A SENTENCE WITHIN STATUTORY LIMITS WILL BE DEEMED EXCESSIVE AND THE RESULT OF AN ABUSE OF DISCRETION BY THE TRIAL COURT WHERE THE SENTENCE IS GREATLY AT VARIANCE WITH THE SPIRIT AND PURPOSE OF THE LAW, OR MANIFESTLY DISPROPORTIONATE OF THE NATURE OF THE OFFENSE. STACY, 193 ILL. 2D AT 210.

<u>CLAIM 4</u>
<u>INEFFECTIVE ASSISTANCE OF THE APPELLATE COUNSEL ASSISTANCE ON APPEAL</u>
<u>SECTION A</u>

1.) THAT APPELLATE COUNSEL SALOME KIWARA-WILSON WAS INEFFECTIVE IN HER ASSISTANCE OF APPELLATE COUNSEL, WHEN APPELLATE COUNSEL TOLD ME SHE WASN'T FILING AN CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL ON TRIAL COUNSEL SCOTT R. RIPLEY FOR HIS FAILURE TO CONDUCT AN PRE-TRIAL INVESTIGATION AND INTERVIEWING WITNESSES DISCLOSED TO TRIAL COUNSEL PRIOR TO TRIAL" ALMOST 22 MONTHS PRIOR TO THE BEING OF TRIAL, ON JUNE 21ST 2018,

2.) TOLD ME SHE WASN'T FILING AN CLAIM OF INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL, WHEN APPELLATE COUNSEL THAT APPELLATE COUNSEL SALOME KIWARA-WILSON WAS INEFFECTIVE IN HER ASSISTANCE OF APPELLATE COUNSEL, WHEN APPELLATE FAILURE TO PRESENT VIDEO CAMERA SURVAILLANCE FOOTAGE ON THE GROUNDS & PRESENTATION OF IMPEACHMENT OF WITNESSES INCONSISTANCE & PERJURED TESTIMONY'S OF STATES WITNESSES, DATES OF TRIAL COUNSEL INEFFECTIVE ASSISTANCE COUNSEL ON APRIL 29TH 2019 (ANTON R. FRAZIER TESTIMONY COURT DATE) AND ON AUGUST 26TH 2019 (STEVEN TUTOKY TESTIMONY COURT DATE, AND ADRIAN CORLEY TESTIMONY COURT DATE).

3.) THAT APPELLATE COUNSEL SALOME KIWARA-WILSON WAS INEFFECTIVE IN HER ASSISTANCE OF APPELLATE COUNSEL, WHEN THE APPELLATE COUNSEL TOLD ME ONCE I REQUESTED SAID APPELLATE COUNSEL TO FILE AN CLAIM OF JUDICIAL NOTICE, THAT SHE TOLD ME SHE WASN'T FILING AN CLAIM OF JUDICIAL NOTICE" WITH REGARDS TO TRIAL COUNSEL SCOTT R. RIPLEY FOR HIS FAILURE TO PRESENT VIDEO CAMERA SURVAILLANCE FOOTAGE & EXCULPATORY/EXONERATING EVIDENCE ON THE GROUNDS & PRESENTATION OF IMPEACHMENT OF WITNESSES INCONSISTENCY & PERJURED TESTIMONY'S OF STATES WITNESSES, ON THE DATES OF APRIL 29TH 2019 (ANTON R. FRAZIER TESTIMONY COURT DATE) AND ON AUGUST 26TH 2019 (STEVEN TUTOKY, & ADRIAN CORLEY TESTIMONY COURT DATE)

THAT THE STATES ATTORNEY OFFICE NEVER PRESENTED THE ALLEGED "WORKERS COMPENSATION PACKET FORM", NOR THE ST. JAMES HOSPITAL MEDICAL RECORDS OF TETANUS BEING ADMINISTERED BY ST. JAMES HOSPITAL STAFF, NOR THE ST. JAMES HOSPITAL MEDICAL RECORDS OF TETANUS BEING ADMINISTERED BY ST. JAMES HOSPITAL STAFF, NOR THE ST. JAMES
OF APPELLATE COUNSEL EVIDENCE THAT'S UNDISPUTED. SEE (EX-1 INEFFECTIVE ASSISTANCE

### Ex. 1 INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL EVIDENCE THAT'S UNDISPUTED BEFORE THE COURT

THAT INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL COULD EASILY BE PROVEN BY LEGAL CALL'S WITH APPELLATE COUNSEL REGARDIN FURTHER MORE COULD BE PROVEN THROUGH (EX.1 LETTER'S DATED MAY 21ST 2021, JUNE 10TH 2021, JUNE 17TH 2021- LETTER ASKING APPELLATE COUNSEL INCLUDE ALL CLAIM'S. JUDICIAL NOTICE THAT THE KNOWING USE OF PERJURED TESTIMONY BY THE STATES ATTORNEY; TO SALOME KIWARA-
NO, JULY 13TH 2021 LETTER REQUESTING AN LEGAL CALL, AND JULY 13 2021 LETTER APPELLATE COUNSEL SENDING BRIEF FILED IN APPELLATE COURTS;
THAT FURTHER COULD BE PROVEN THROUGH LEGAL CALL'S WITH APPELLATE COUNSEL ON THE DATES OF JUNE 2021, JUNE 2021, JUNE 2021,
JD, JULY 2021, JULY 2021, AND, THROUGH PARAGRAPH 1 THRU 4.

### Ex. 3 BENCH TRIAL TRANSCRIPTS & CASE TRANSCRIPTS

THAT INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL COULD EASILY BE PROVEN BY APPELLATE COUNSEL NOT FILING AN
CLAIM OF "JUDICIAL NOTICE" UPON PETITIONER REQUEST ON EXCULPATORY/EXONERATING EVIDENCE AND VIDEO FOOTAGE PROVING STATES
ATTORNEY KNOWINGLY & BLATANTLY USE OF PERJURES/INCONSISTANT TESTIMONY; AND BY APPELLATE COUNSEL NOT FILING A CLAIM "
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR NOT PRESENTING AN PROPER ARGUMENT & NOT PRESENTING EXONERATING/AND
CULPATORY VIDEO FOOTAGE ON GROUNDS OF IMPEACHMENT; AND; FOR NOT DOING ANY PRE-TRIAL INVESTIGATION AND INTERVIEWS
OF ALIBI WITNESSES.

THAT CLAIMS OF APPELLATE INEFFECTIVE ASSISTANCE OF COUNSEL COULD FURTHER EASILY BE PROVEN BY BENCH TRIAL TRANSCRIPTS OF THE
TESTIMONY'S OF STATES WITNESSES, ① ON THE DATES OF APRIL 29TH 2019 (ANTON R. FRAZIER PERJURED TESTIMONY COURT DATE), AND, ② ON
AUGUST 26TH 2019 (STEVEN TUTOKY PERJURED TESTIMONY & ADRIAN CORLEY PERJURED TESTIMONY COURT DATE) WHICH WERE PERJURED
TESTIMONY; ③ THAT THE STATES ATTORNEY OFFICE NEVER PRESENTED THE ALLEGED "WORKERS COMPENSATION PACKET FORM'S"
NOR THE STATES ATTORNEY NEVER PRESENTED THE ST. JAMES HOSPITAL MEDICAL RECORDS OF TETANUS BEING ADMINISTERED BY ANY
ST. JAMES HOSPITAL MEDICAL STAFF. SEE (EX.3 WITH CLOSE ATTENTION TO DATES ABOVE, AND, FEBRUARY 29TH 2020 COURT DATES
IN BENCH TRIAL TRANSCRIPTS) AND (EX.5 DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR PRODUCTION OF DOCUMENT'S. ALL
WHICH TRIAL COUNSEL, & APPELLATE COUNSEL, AND, STATE'S ATTORNEY HAD AT THERE DISPOSAL DURING CASE & AT THE BENCH TRIAL
DITTO TO THE INVESTIGATOR JEREMY OLSON' "REPORT OF INSTIGATION" (ROMAN V. FRAZIER 000478-000488) WHERE NO WERE
WITHIN THOSE DOCUMENTS WILL IT SHOW AN "WORKERS COMPENSATION PACKET FORM" AND "NOR ANY RECORDS FROM ST. JAMES HOSPITAL
MEDICAL RECORDS OF TETANUS SHOT BEING ADMINISTERED BY ST. JAMES HOSPITAL MEDICAL STAFF.

### Ex.5 DEFENDANTS RESPONSES TO PLAINTIFFS FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS-ALL WHICH TRIAL COUNSEL, & APPELLATE COUNSEL, AND STATES ATTORNEY HAD AT THERE DISPOSAL DURING CASE & AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE, AN AT THERE DISPOSAL DURING APPELLATE PROCESS

THAT INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL COULD EASILY BE PROVEN BY APPELLATE COUNSEL NOT FITTING THE
APPELLATE COURT ON JUDICIAL NOTICE THAT THE INVESTIGATOR JEREMY OLSON'S "REPORT OF INVESTIGATION" (ROMAN V. FRAZIER
000478-000488) THAT NO WERE WITHIN THOSE DOCUMENTS WILL IT SHOW AN "WORKERS COMPENSATION PACKET FORM" AND
NOR ANY RECORDS FROM ST. JAMES HOSPITAL MEDICAL RECORDS SHOWING OF AN TETANUS SHOT BEING ADMINISTERED
BY ST. JAMES HOSPITAL MEDICAL STAFF, WHICH WAS PREJUDICED THROUGH PETITIONER, AND, DENIED
PETITIONER HIS RIGHT TO AN FAIR APPEAL.

### LEGAL ARGUMENTS FOR CLAIM 4 SECTION A SUBSECTION 1 THROUGH 3, ON INEFFECTIVE ASSISTANCE OF APPELLATE COUNSEL

THAT PETITIONER RIGHT TO EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL WAS VIOLATED WHEN APPELLATE COUNSEL TOLD
ME SHE WASN'T FILING AN CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL, AND, THAT SHE WASN'T FILING AN CLAIM OF
JUDICIAL NOTICE
PETITIONERS APPELLATE COUNSEL INEFFECTIVE ASSISTANCE OF COUNSEL CAME TO PLAY WHEN APPELLATE COUNSEL
OMITTED THE ACTIONS WHICH ARE DESCRIBED IN DETAIL WITHIN CLAIM # 4, SECTION A, AN SUBSECTION'S 1
THROUGH 3. STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984).
PETITIONERS APPELLATE COUNSEL WAS INEFFECTIVE IN HER ASSISTANCE OF COUNSEL WHEN FAILING TO CHALLENGE FACTUAL
INACCURACIES IN A CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL FOR TRIAL COUNSEL FAILING TO CHALLENGE
ACTUAL INACCURACIES IN THE GRAND JURY INDICTMENT HERRING, OR, THE PROBABLE CAUSE HEARING WHEN REQUESTED
BY PETITIONER, WITH AN "FRANKS HEARING" WHICH WOULD'VE CLEARLY SET FORTH PETITIONER INNOCENCES. STRICKLAND
V. WASHINGTON, 466 U.S. 668 (1984); FRANKS V. DELAWARE, 438 U.S. 154 (1978) 98 SCT 2674; ROGENDORF V. UNITED STATES, 376
U.S. 528, 531-532, 84 S.CT. 825, 827-828, 11 L.ED. 2d 887 (1964); UNITED STATES V. MC MURTREY 704 F.3d 502 (7TH CIR. 2013)
PETITIONER APPELLATE COUNSEL WAS INEFFECTIVE IN HER ASSISTANCE OF COUNSEL WHEN FAILING TO CHALLENGE WITH A
CLAIM OF INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN TRIAL COUNSEL FAILED TO CONDUCT AN
REASONABLE PRE-TRIAL INVESTIGATION, AS THE PETITIONER'S CONSISTANTLY STATE'S IN CLAIM 1 THROUGH OUT SECTION A,
THROUGH, F. STRICKLAND V. WASHINGTON, 466 U.S. 668 (1984); ALSO SEE, WIGGINS V. SMITH, 539 U.S. 510 (2003).
PETITIONER APPELLATE COUNSEL WAS INEFFECTIVE IN HER ASSISTANCE OF COUNSEL WHEN FAILING TO FILE AN CLAIM OF
INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL WHEN TRIAL COUNSEL FAILED TO PROPERLY SET OUT THE IMPEACHMENT OF STATE
WITNESSES PRIOR INCONSISTENT STATEMENTS, EVIDENCE OF PRIOR PERJURES, OR WITH ANY OTHER EVIDENCE HE KNEW
OR SHOULD HAVE KNOW ABOUT THAT WAS EFFECTIVELY. SMITH V. WAINWRIGHT, 741 F.2d 1248, 1255 (11TH CIR. 1984); ALSO SEE, STRICKLAND
V. WASHINGTON, 466 U.S. 668 (1984), AND, THE "STRATEGIC DECISIONS" MADE IN AN IGNORANCE OF APPLICABLE STATE LAW.
PEOPLE V. WRIGHT, 111 ILL 2d 18 (1986).
UPON THE REQUEST OF PETITIONER, THAT APPELLATE COUNSEL WAS INEFFECTIVE IN HER ASSISTANCE OF COUNSEL WHEN FAILING TO FILE A CLAIM OF "JUDICIAL NOTICE"
THAT SHE WAS ALSO INEFFECTIVE IN HER ASSISTANCE OF COUNSEL WHEN SHE TOLD ME SHE
WASN'T FILING AN CLAIM OF "JUDICIAL NOTICE" WITH REGARDS TO TRIAL COUNSEL SCOTT R. RIPLEY FOR HIS FAILURE TO PRESENT
VIDEO CAMERA SURVEILLANCE FOOTAGE OF EXCULPATORY/EXONERATING EVIDENCE ON THE GROUNDS & PRESENTATION OF IMPEACHMEN
OF WITNESSES INCONSISTANCE & PERJURED TESTIMONY'S OF STATES WITNESSES, ON THE DATES OF APRIL 29TH 2019 (ANTON R. FRAZIER
TESTIMONY COURT DATE) AND ON AUGUST 26TH 2019 (STEVEN TUTOKY, & ADRIAN CORLEY TESTIMONY COURT DATE). AND THAT THE STATE
ATTORNEY OFFICE NEVER PRESENTED THE ALLEGED "WORKERS COMPENSATION PACKET FORM", NOR THE ST. JAMES HOSPITAL MEDICAL
RECORDS OF TETANUS BEING ADMINISTERED BY ST. JAMES HOSPITAL MEDICAL STAFF. SEE, ROWE V. GIBSON 798 F.3d 622; AND
JACAPITAL V. LEASE RES. 128 F.3d 1074; U.S. V. COHEN 2012 US DIST. LEXIS 18891; DEO V. MESSENGER 2015 IL APP. 3d 130851; APPEAL V. WELCH 2016 US
DIST LEXIS 658841; BEECHAM V. VERITH 2015 US DIST LEXIS

### Claim 5

PETITIONER HAS OBTAIN NEWLY DISCOVERED EVIDENCE WHICH PROVES PERJURY & H'S EXONERATING
/EXCULPATORY EVIDENCE IN NATURE OF THE ALLEGED OFFENSE OF AGGRAVATED BATTERY, AND, THE
ADMISSION OF PERJURY, AND, CONSISTANT PERJURED TESTIMONY

THAT UPON PETITIONER OBTAINING HIS FEDERAL CIVIL SUIT WRITTEN DISCOVERY ON FEDERAL CIVIL SUIT ON THE CRIMINAL
CASE # 18-CF-72 AT BAR, IN REGARDS TO THE NOV. 14TH 2016 INCIDENT'S AT BAR.
① THAT THE PETITIONER RECIEVED HIS RESPONSE TO PLAINTIFF'S REQUESTS FOR ADMISSION'S, AND, RESPONSE TO PLAINTIFF'S REQUESTS
OR INTERROGATORIES, WERE IN 9CANTON R. FRAZIER INTERROGATORIES #5, WHERE HIS CAUGHT LYING BY THE PONTIAC CORR. CTR.
ADJUSTMENT COMMITTEE PERSONNEL STATED THEY SAW SOMETHING totally DIFFERENT, (FOR THE ADJUSTMENT COMMITTEE BASIS FOR
DECISION, "SEE EX-5 ROMAN V. FRAZIER 000478-000479" SEE THERE COMMENTS, WHICH ARE DIFFERENT FOR THOSE IN 9CANTON
R. FRAZIER APRIL 29TH 2019 BENCH TRIAL TESTIMONY). ALSO SEE, ANTON R. FRAZIER INTERROGATORIES #5 (WHICH IS TOTALLY

NTRADICTED BY THE RECORD AND HIS APRIL 25TH 2019 BENCH TRIAL TESTIMONY.

HAT FURTHERMORE ANTON R. FRAZIER ANSWER TO INTERROGATORIES #6 AND #7 (IS TOTALLY CONTRADICTED BY VIDEO CAMERA URVAILLANCE FOOTAGE, and, HIS ANSWER TO THOSE INTERROGATORIES ARE NOT DIRECTLY INVOLVING THE QUESTION AT BAR VAGUE & AMBIGUOUS ATTEMPT TO COVER UP THE TRUTH),

THAT ANTON R. FRAZIER ANSWER TO INTERROGATORIES #9, (WHICH IS ANOTHER VAGUE & AMBIGUOUS ATTEMPT TO COVER UP THE TRUTH THAT THERE WASN'T AN BITE MARK PRINT ON HIS LEFT FOREARM, ALSO THE COULD'VE NOT KNOWN THAT IT WAS PROTOCAL TO HAVE PHOTOGRAPH'S TAKEN OF AN ALLEGE INJURY RESULTING FOR BEING ASSAULTED BY INMATES), SEE(EX.5).

) THAT ANTON R. FRAZIER ANSWER TO INTERROGATORIES #11, (IS ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH THAT THERE WASN'T AN ALLEGE WORKERS COMPENSATION PACKET FORM FILED), SEE(EX.5).

) THAT ANTON R. FRAZIER ANSWER TO INTERROGATORIES #16, #17 (IS ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH THAT HE NEVER GOT AN TETANUS SHOT ADMINISTERED BY AN MEDICAL PROFESSIONAL, OR DOCTOR AT ST. JAMES HOSPITAL), SEE(EX.5).

THAT ANTON R. FRAZIER ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS" ADMISSIONS #2, (IS ANOTHER VAGUE & AMBIGUOUS DWARD ATTEMPT TO COVER UP THE TRUTH THAT CAUGHT ON VIDEO CAMERA SURVAILLANCE FOOTAGE & WHAT WAS SEEN BY THE PONTIAC ORR. CHR. ADJUSTMENT COMMITTEE PERSONNEL ON THE VIDEO CAMERA SURVAILLANCE FOOTAGE), SEE(EX.5).

MAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH ABOUT PETITIONER ASSAULTED ON VIDEO CAMERA SURVAILLANCE FOOTAGE) SEE(EX.5).

THAT ANTON R. FRAZIER ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS" ADMISSIONS #4 WHERE (ANTON R. FRAZIER IAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH ABOUT PETITIONER #6 WHERE AGAIN(ANTON R. FRAZIER HENRY MOUNSON N-73406 WITNESS OF MAJOR S. PRENTICE GIVING Lt. ADRIAN CORLEY AN WHITE BATH TOWEL" NOT SEEING WHAT HIM & I/M OFF THE BLOOD OF MY OFF HIS HAND & FOREARM, AND THEN GIVING HIM I/M HENRY MOUNSON N-73406 WHITE BATH TOWEL" TO WIPP MOCK" TO COVER UP THE "BATH TOWEL" TO WALK OFF 1 GALLERY IN NORTH CELL HOUSE, WHICH IT IS CLEARLY CAUGHT ON VIDEO AMERA SURVAILLANCE FOOTAGE AFTER Lt. ADRIAN CORLEY UFC KICKED & BEND PETITIONER'S HANDS & FINGER, HIM WIPPING HIM REARM AND HAND WITH AN WHITE BATH TOWEL & COVERING UP THE "BATH TOWEL" WITH AN GREEN SUICIDE SMOCK TO WALK OFF GALLERY NCH), SEE (EX.5).

THAT ANTON R. FRAZIER ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS" ADMISSIONS #7 (WHERE ANTON R. FRAZIER MADE AN UNDER OATH ADMISSION TO "NOT HAVE INTERNAL AFFAIRS OFFICIALS PRESERVED THE CAMERA FOOTAGE HAT WOULD EXONERATE YOU FROM AN 720 ILCS 5/12-4 AGGRAVATED BATTERY ON PLAINTIFF (THE PLAINTIFF BEING PETITIONER) ID FROM AN CIVIL LAWSUIT), SEE (EX.5).

THAT ANTON R. FRAZIER ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS" ADMISSIONS #13 (WHERE ANTON R. RAZIER MAKES AN ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH WITHIN CLAIM #'S PARAGRAPH'S THROUGH 3 AND 10 WITHIN ADMISSIONS #13).

THAT ANTON R. FRAZIER ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS", ADMISSIONS #18 (WHERE ANTON R. FRAZIER MADE A UNDER OATH ADMISSION TO "LYING TO HIS CO-WORKERS), SEE (EX.5).

## SECTION B

) THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR INTERROGATORIES", INTERROGATORIES #2, #3, #4 (WHERE STEVEN TUTOKY MAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH "THAT HE FAIL TO ROTECT PLAINTIFF FROM Lt. ADRIAN CORLEY ASSAULTING PETITIONER/PLAINTIFF, WHICH COULD EASILY BE PROVEN BY VIDEO AMERA SURVAILLANCE FOOTAGE PRESERVED WITHIN CASE), SEE (EX.5).

THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR INTERROGATORIES", INTERROGATORIES #7 (WHERE STEVEN TUTOKY MAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH OF MAJOR S. PRENTICE BEING PRESENT, AND SWITCH SIDE FROM THE FRONT 10 CELL NCH TO THE FRONT OF 103 CELL RICH WHEN Lt. ADRIAN CORLEY AND ANTON R. FRAZIER ASSAULTING PLAINTIFF (PETITIONER) ON THE (3) DIFFERENT ASSAULT'S ON PLAINTIFF (PETITIONER), WHICH COULD BE EASILY PROVEN THROUGH (EX.5) AND VIDEO CAMERA SURVAILLANCE FOOTAGE.

THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR INTERROGATORIES" #8 (WHERE STEVEN TUTOKY MAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH "THAT HE FAILED TO FILE AN INCIDENT REPORT IN OMPLIANCE WITH ADMINISTRATIVE DIRECTIVES" MISCONDUCT 01.12.101" and "EMERGENCIES 04.B.108" PHYSICAL EXAMINATION OFFENDER 04.03.101", and "TREATMENT PROTOCOLS 04.03.121" UNUSUAL 20/112.01.12.105", and "INCIDENT UNUSUAL 20/112.01.12. 120) WHICH COULD BE EASILY PROVEN THROUGH (EX.5), and, VIDEO CAMERA SURVAILLANCE FOOTAGE, & (EX.5 DOCUMENT'S MARKED AS "ROMAN V. FRAZIER 000444, THROUGH, 000479).

) THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR INTERROGATORIES", INTERROGATORIES #9 (WHERE STEVEN TUTOKY ACKNOWLEDGE THAT ANY FALSE ANSWER'S TO INTERROGATORIES WHILE UNDER OATH ARE CONSIDERED AN VIOLATIC PENALTY OF PERJURY 28 USC 1746, 18 USC 1621, OR 735 ILC 5/1-109), SEE (EX.5) & VIDEO FOOTAGE.

) THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR INTERROGATORIES", INTERROGATORIES #12 (WHERE STEVEN TUTOKY MAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH "THAT HE HAS NEVER WITNESS PLAINTIFF OR INMATES BEING ASSAULT BY OFFICERS THE INMATES DIDN'T DO NOTHING TO PROVOKE THE ASSAULT'S WITH REFERENCE TO DEFENDANT'S ANTON R. FRAZIER & Lt. ADRIAN CORLEY, WHICH COULD BE PROVEN (THROUGH VIDEO FOOTAGE).

THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR INTERROGATORIES", INTERROGATORIES #14 (WHERE STEVEN TUTOKY MAKES AN ADMISSION/ACKNOWLEDGES TO HE AND OTHER STAFF MEMBER KNOW THAT CAMERAS ARE RECORDING THEM AT ALL TIMES).

THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS" ADMISSIONS #3 (WHERE STEVEN TUTOKY MAKES NOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH "THAT HE NEVER SAW Lt. ADRIAN CORLEY BEING WEN INMATES HENRY MOUNSON N-73406 BATH TOWEL BY MAJOR S. PRENTICE TO WIPE OFF PETITIONERS BLOOD FROM HIS ORLEY HANDS AND THEN WAS HANDED AN SUICIDE SMOCK TO COVER UP THE BLOODED TOWEL TO WALK OFF 1 GALLERY NCH, WHICH OULD BE EASILY PROVEN BY VIDEO CAMERA SURVAILLANCE FOOTAGE).

) THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS" ADMISSION #5 (WHERE STEVEN TUTOKY MAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH" WHEN STEVEN TUTOKY THAT HE DID NOT REQUEST THAT INTERNAL AFFAIRS PRESERVE THE CAMERA FOOTAGE FROM THE INCIDENT MADE THE ADMISSION WITH PLAINTIFF ON NOVEMBER 14[TH] 2016).

THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS" ADMISSIONS #7 (WHERE TEVEN TUTOKY MAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH" WHEN STEVEN TUTOKY HAT HE NEVER STOOD OFF TO THE SIDE WHEN PETITIONER/PLAINTIFF WAS UFC KICKED IN THE LEFT HAND BY Lt. ADRIAN CORLEY, SHORTLY AFTER DEFENDER ANTON R. FRAZIER PUNCH PETITIONER/PLAINTIFF IN THE FACE INSIDE CELL 102, WHICH OULD BE EASILY PROVEN BY VIDEO CAMERA SURVAILLANCE FOOTAGE.

) THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO PLAINTIFF'S REQUESTS FOR ADMISSIONS" ADMISSION #7 (WHERE STEVEN TUTOKY MAKES ANOTHER VAGUE & AMBIGUOUS COWARD ATTEMPT TO COVER UP THE TRUTH "THAT STEVEN TUTOKY DIDN'T AUTHOR #434 INCIDENT REPORT" IN COMPLIANCE WITH ADMINISTRATIVE DIRECTIVES - INCIDENT UNUSUAL 20/112.01.12.120, WHICH

...uld Be Easily Proven By Video Camera Survaillance footage, and, Document's Marked As "Roman V. Frazier 000444, through, 000479").

THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR ADMISSIONS", Admissions #8 (WHERE STEVEN TUTOKY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up the truth" PETITIONER ® REITERATE's CLAIM 5 PARAGRAPH 18, 8, 19, which could Be Easily Proven By VIDEO CAMERA SURVAILLANCE footage; and, through (Ex. 5) Documents MARKED AS "ROMAN V. FRAZIER 000444, THROUGH, 000479").

⑫ THAT STEVEN TUTOKY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR ADMISSIONS", Admissions #11 (WHERE STEVEN TUTOKY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up the truth" WHERE STEVEN TUTOKY is lying about the FACTS OF THE CASE #18-CF-72 AT BAR, which could Be Easily Proven By VIDEO CAMERA SURVAILLANCE footage, and, through (Ex. 5) Document's MARKED AS "ROMAN V. FRAZIER 000444, THROUGH, 000479").

## SECTION C

① THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR INTERROGATORIES" INTERROGATORIES #4, #5 (WHERE ADRIAN CORLEY MAKES VAGUE & Ambiguous COWARD Attempt to cover up the truth" WHERE ADRIAN CORLEY LIES About Being GIVEN Ym HENRY MOUNSON N-73406 BATH TOWEL THAT WAS ON THE STEEL WHEEL CART SHORTLY AFTER HE ufc KICKED Plaintiff LEFT HAND & WAS BENDING Plaintiff's/PETITIONER HANDS & FINGER, and lies about Being GIVEN AN Ym HENRY MOUNSON N-73406 SUICIDE SMOCK TO COVER UP THE Bloody TOWEL HIS USED TO WIPP Off HAND & FOREAM OF MY BLOOD, to WALK OFF 1 GALLERY NCH, which could Be Easily PROVEN THROUGH VIDEO CAMERA SURVAILLANCE footage).

② THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR INTERROGATORIES #9, #10, (WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up the TRUTH" WHERE ADRIAN CORLEY LIED about THE ENTIRE INCIDENT and About How long HIM & ANTON R. FRAZIER WERE IN CEll 102 IN NCH, WHICH could Be Easily PROVEN THROUGH VIDEO CAMERA SURVAILLANCE footage).

③ THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR INTERROGATORIES" INTERROGATORIES #11, #12, #13 (WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up the TRUTH" WHERE ADRIAN CORLEY LIED about Attacking PETITIONER WHEN HE WAS PLACED ON SUICIDE Watch OBSERVATION, and lied about wipping My Blood off with Ym HENRY MOUNSON N-73406 BATH TOWEL, and, lied further about what HE bid an about Covering up the Bloody BATH SURVAILLANCE footage). with AN GREEN SUICIDE SMOCK TO WALK Off 1gallery NCH, which could Be Easily PROVEN THROUGH VIDEO CAMERA

④ THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR INTERROGATORIES", INTERROGATORIES #15, #17, #18 (WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up the truth" WHERE ADRIAN CORLEY Admits to Being INVESTIGATED By INTERNAL AFFAIRS officers Do to Plaintiff/PETITIONERS INJURIES, and, lied About His TESTIMONY Being TOTALLY DIFFERENT IN Plaintiff CRIMINAL TRIAL THAN TESTIMONY ON INCIDENT REPORT, and, further lied ABOUT HIM TUTOKY, FRAZIER, PLACE'S IN HOLDING ME (PETITIONER) IN AIR WHILE ESCORTING ME FROM THE HOLDING TANK TO (PETITIONER) CELL IN N-102 WHICH COULD Be Easily PROVEN THROUGH VIDEO CAMERA SURVAILLANCE footage).

⑤ THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR ADMISSIONS", Admissions #2, #4 (WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up the truth" WHERE ADRIAN CORLEY LIED ABOUT BEING GIVEN Ym HENRY MOUNSON N-73406 BATH TOWEL BY MAJOR S. PRENTICE THAT WAS ON THE STEEL WHEEL CART SHORTLY AFTER HE ufc KICKED (PETITIONER) LEFT HAND THREW THE CUFFING HATCH, AN COUPLE SECONDS LATER MAJOR S. PRENTICE WAS GIVING HIM ADRIAN CORLEY Ym HENRY MOUNSON N-73406 SUICIDE SMOCK TO COVER UP THE Bloody BATH TOWEL TO WALK OFF 1 gallery NCH, and, FURTHER LIED ABOUT BENDING "PETITIONERS" ARMS & FINGERS THREW THE CUFFING HATCH IN CELL 102 Cell, WHICH COULD BE EASILY PROVEN THROUGH VIDEO CAMERA SURVAILLANCE footage).

⑥ THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR ADMISSIONS", Admission #5 (WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up THE TRUTH" WHERE ADRIAN CORLEY ADMITT'S TO NOT RECOGNIZING THAT INTERNAL AFFAIRS officals PRESERVED THE CAMERA footage THAT WOULD EXONERATED HE (ADRIAN CORLEY) FROM AN 720 ILCS 5/12-4 AGGRAVATED BATTERY ON PLAINTIFF, and FROM AN CIVIL LAWSUIT, and, FURTHER WHICH COULD BE EASILY PROVEN THROUGH VIDEO CAMERA SURVAILLANCE footage).

⑦ THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR ADMISSIONS", Admissions #6, #7, #8 (WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up THE TRUTH" WHERE ADRIAN CORLEY LIED About How long HE WAS IN THE CELL WITH ANTON R. FRAZIER & ME (PETITIONER) FOR THIRTY SECONDS (BECAUSE HE WAS IN THE CELL FOR 1MIN AN 17SEC), and, LIED about HIM NOT HAVING MY Blood ON HIS HAND AFTER HE (ADRIAN CORLEY) Attacked ME AGGRESSIVELY THROUGH THE CELL DOOR CUFFING HATCH IN CELL 102 WHICH HE WIPPED off with Ym HENRY MOUNSON #N 73406 BATH TOWEL, and, FURTHER LIED ABOUT THE EXCESSIVE FORCE USED ON (PETITIONER) WHILE ON SUICIDE CRISIS WATCH, WHICH COULD BE EASILY PROVEN THROUGH VIDEO CAMERA SURVAILLANCE footage).

⑧ THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR ADMISSIONS", Admissions #10, #11, #12, (WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up the truth "WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to COVER UP THE TRUTH" WHERE ADRIAN CORLEY LIED About BEING INVESTIGATED By, INTERNAL AFFAIRS officers, and, FURTHER LIES About "PETITIONERS" INJURIES SERVIETY, and, FURTHER LIED ABOUT CARRING (PETITIONER) IN THE By THE FEET, BECAUSE STEVEN TUTOKY WAS THE ONE CARRING ME (PETITIONER) BY THE FEET, WHICH ALL OF COULD BE EASILY PROVEN THROUGH VIDEO CAMERA SURVAILLANCE footage).

⑨ THAT ADRIAN CORLEY ANSWER TO "RESPONSES TO Plaintiff's REQUESTS FOR ADMISSIONS", Admissions #15, #17, #19 (WHERE ADRIAN CORLEY MAKES ANOTHER VAGUE & Ambiguous COWARD Attempt to cover up THE TRUTH" WHERE ADRIAN CORLEY LIED About Being IN COMPLIANCE WHICH AUTHORING HIS UNUSUAL INCIDENTS REPORTS (434) WITH IN THE GUIDELINES OF ADMINISTRATIVE DIRECTIVE 01.12.120, and, FURTHER LIED About R/N/med TECH KUCHELL COWELL AS to KNOWING WHO SHE IS, and, FURTHER LIED HIS LACK SUFFICIENT KNOWLEDGE AND INFORMATION TO ADMIT OR DENY KNOWLEDGE OF BEING AN LIAR, WHICH COULD BE EASILY PROVEN all THROUGH VIDEO CAMERA SURVAILLANCE footage, and, through (EX. 5) Documents MARKED AS "ROMAN V. FRAZIER 000446, THROUGH, 000474), which Do to EVIDENCE NOT BEING PRESENT, IT DENIED PETITIONER HIS RIGHT TO AN FAIR TRIAL, AND WAS PERJUDICED TO (PETITIONER)

## CLAIM 6

THAT PETITIONER IS ACTUAL INNOCENT OF THE ALLEDGE AGGRAVATED BATTERY CHARGE AGAINST HIM

### SECTION A

THAT PETITIONER NEVER BITE NEVER BITE O/o ANTON R. FRAZIER ON THE LEFT FOREARM, OR, NOR DID PETITIONER BITE O/o ANTON R. FRAZIER ANYWERE, WHERE, (WHICH COULD EASILY BE PROVEN By SETTING ASIDE THE INCONSISTANT & PERJURED TESTIMONY)

THAT PETITIONER INNOCENCES COULD BE ~~EASY~~ PROVEN JUST OFF THE STATE NOT HAVING NO PHYSICAL EVIDENCE IS PHOTO'S, VIDEO FOOTAGE, DNA EVIDENCE, CONFIRMING OR SHOWING PETITIONER BITE %oANTON R. FRAZIER ON THE OREARM (WHICH COULD EASILY BE PROVEN BY SETTING ASIDE THE INCONSISTANT & PERJURED TESTIMONY'S, and, (EX. 3 ENCH TRIAL TRANSCRIPTS & CASE TRANBERIPTS), ON (EX. 5 DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUESTS FOR RODUCTION OF DOCUMENT'S - ALL WHICH TRIAL COUNSEL, & APPELLATE COUNSEL, AND, STATE'S ATTORNEY had at there IISPOSAL DURING CASE & AT THE BENCH TRIAL AS EXCULPATORY/EXONERATING EVIDENCE, AN AT APPELLATE PROCESS)

## SECTION C

~~THAT PETITIONER STATES~~ THAT PETITIONER STATES THERE IS NO PHYSICAL EVIDENCE AS MEDICAL RECORDS SHOWING %oANTON R. FRAZIER WAS ADMINISTERED AN TETANUS SHOT AT ST. JAMES HOSPITAL BY ANY MEDICAL PROFESSIONAL OR DOCTOR, (WHICH COULD EASILY BE PROVEN ~~BY~~ BY SETTING OUT ~~and~~ THAT THERE'S NO RECORDS WITHIN (EX. 3 BENCH TRIAL RANSCRIPTS & CASE TRANSCRIPTS); and (EX. 5 DEFENDANT'S RESPONSES TO PLAINTIFF'S - ALL WHICH TRIAL COUNSEL & APPELLATE COUNSEL, AND/OR STATES ATTORNEY had at there DISPOSAL DURING CASE & AT ~~APPELLATE~~ BENCH TRIAL AS XCULPATORY/EXONERATING EVIDENCE, AN AT APPELLATE PROCESS).

## SECTION D

THAT PETITIONER STATES THERE IS NO PHYSICAL EVIDENCE BESIDE FALISIFIED/PERJURED DOCUMENTATION AND PERJURED TESTIMONY'S BY %o ANTON R. FRAZIER; %oSTEVEN TUTOKY; LT. ADRIAN CORLEY; P/N TRACI KJELLESVIK ?, PPOSED BY NEITHER PARTY'S AT TRIAL, and, FALISIFIED/PERJURED ~~EVIDENCE~~ INTERNAL AFFAIRS REPORTS/INTERVIEWS STATEMENTS OF %oANTON R. FRAZIER; %oSTEVEN TUTOKY; LT. ADRIAN CORLEY, AND, OR FALISIFIED/PERJURED INJURY PORTS/MEDICAL RECORDS OF P/N TRACI KJELLESVIK Alledged DOCUMENTATION'S OF MY PETITIONER INJURY'S oANTON R. FRAZIER INJURY'S, ON PETITIONER MEDICAL ASSESSMENT, and, %o ANTON R. FRAZIER MEDICAL ASSESSMENT.

### LEGAL ARGUMENTS FOR ~~CLAIM 6~~ SECTION A THROUGH SECTION D, ON PETITIONERS ACTUAL INNOCENCES OF CHARGES OF AGGRAVATED BATTERY

THAT PETITIONER IS ACTUALLY INNOCENT OF COMMITING THE CHARGED CRIME, AND, WAS CHARGED & WRITTEN AN IDOC OFFENDER'S DISCIPLINARY REPORT TO COVER UP THE ACTUAL TRUTH THAT PETITIONER WAS THE ONE IN FACT ASSAULTED BY %o ANTON R. FRAZIER; & LT. ADRIAN CORLEY, AND, THAT IT REALLY WAS NOT THE PETITIONER DOING THE ASSAULTING (AGGRAVATED BATTERY'S 720 ILCS 5/12-4). THAT %o ANTON R. FRAZIER, &, LT. ADRIAN CORLEY, %o STEVEN TUTOKY THOUGHT that PETITIONER LUIS ROMAN WOULD JUST TAKE AN FALL AS ANOTHER ~~OFF~~ STATISITIC OF LAW ENFORCEMENT ~~CORRUP~~ CORRUPTION & OFFICAL MISCONDUCT 720 ILCS 5/33-3, WITHOUT TAKING ADVANTAGE OF THE ILLINOIS JUDICIAL APPELLATE AND PPEAL'S PROCESS.

THAT ACTUAL INNOCENCES COULD BE EASILY PROVEN THROUGH CLAIMS 1 THROUGH 6, and THERE ACTUAL ARGUMENTS WITHIN CLAIMS 1 THROUGH 6.

PETITIONER IS ACTUALLY INNOCENT OF COMMITING THE CHARGED CRIME.
SEE. Schlup V. Delo, 513 US. 298 (1995).

THAT PETITIONER IS WITHOUT ANY INCOME OR ASSETS WITH WHICH TO PROCURE COUNSEL. PETITIONER THERE FORE DESIRES THAT COUNSEL BE APPIONTED TO RESPRESENT HIM IN HIS PROCEEDING, AS LONG AS ISN'T ANYONE FROM THE LIVINGSTON COUNTY PUBLIC DEFENDER'S OFFICE.

LUIS ROMAN ID#M12962

## CONCLUSION

HEREFORE PETITIONER REQUESTED RELIEF IS THAT THE HONORABLE ~~RESPECTFULLY~~ COURTS RESPECTFULLY ICATE HIS CONVICTION AND REMAND HIS CASE FOR A NEW TRIAL, OR, AN "FRANKS HEARING", AHERNATIVELY, R. ROMAN BE GIVEN AN FRANKS HEARING THAT UPON HEARING SHOWING MR. ROMAN'S ACTUAL INNOCENCES THAT MR. ROMAN BE IMMEDIATELY RELEASED FROM CUSTODY AN FREEMAN WITH AN ACTUAL INNOCENCES CERTIFICATE/DOCUMENTATION OF INNOCENCES, Respectfully REQUESTED.

SUBSCRIBED AND SWORN TO BEFORE ME

THIS 28 DAY OF July

_[signature]_ LUIS ROMAN ID#M12962

_[signature]_
NOTARY PUBLIC SIGNATURE

OFFICIAL SEAL
PATRICIA B. STEWART
Notary Public - State of Illinois
My Commission Expires 1/03/2022

NOTARY PUBLIC SEALS

## AFFIDAVIT OF PETITIONER

I, MR. LUIS ROMAN M-12962. BEING FIRST DULY SWORN UPON OATH, DEPOSES AND SAY THE following.

THE AFFIANT LUIS ROMAN #M12962 THAT THE CLAIMS WITHIN HIS "PETITION FOR POST-CONVICTION RELIEF" AND, INCLUDING THE EXHIBIT'S WITHIN EXHIBIT'S 1 THROUGH 8 ARE TRUE AND ACCURATE/CORRECT DOCUMENT'S OF THAT PETITIONER INCLUDED IN HIS PETITION, WHICH ADD UPTO THE OF 717 PAGES OF THE PETITION IN QUESTION.

1.) THE AFFIANT LUIS ROMAN M12962 FURTHERMORE STATES THAT THE AFFIDAVIT'S OF WITNESSES AREN'T NOTARIZED BY AN "NOTARY PUBLIC" BECAUSE DURING THE OF 2016 NOVEMBER 14TH, THROUGH, DECEMBER 2018 AFFIANT WAS BEING CONSTANTLY MOVED FROM CELL TO CELL, AND, WANTED TO SECURE THE AFFIDAVIT'S AND, WHEN I WOULD TRY TO GET THEM NOTARIZED BY THE "PUBLIC NOTARY PERSONNEL" THROUGH THE AFFIANT'S BUT IF IT WASN'T THAT I WAS MOVED AN DIFFERENT CELL, OR, THE "NOTARY PUBLIC" WASN'T AVALIABLE, AND THAT MY LAST ATTEMPT TO HAVE THE AFFIDAVITS NOTARIZED MY PERSONAL PROPERTY WAS TAKEN DO TO BEING TRANSFER TO AN DIFFERENT IDOC INSTITUTION.

3) THAT AFFIANT LUIS ROMAN M-12962 IS ACTUALLY INNOCENT OF THE CHARGE CRIME AGGRAVATED BATTERY, AND, I NEVER BROKE ANY STATE OR FEDERAL LAW.

4) THAT AFFIANT LUIS ROMAN M12962 HAS INCORPORATED 703 DOCUMENTS AS EXHIBIT'S TO SUBSTANTIATE HIS CLAIMS & STATES THAT THE VIDEO FOOTAGE ISN'T INCLUDED BECAUSE IT HAS TO BE ORDER BY APPOINTED COUNSEL & TO SUBSTANTIATE PETITION FOR POST-CONVICTION RELIEF, OF ACTUALY INNOCENCE'S, PERJURED/ FALSE TESTIMONY, FALISIED EVIDENCE.

5) THAT THE VIDEO CAMERA SURVAILIANCE FOOTAGE WILL NEED TO BE ORDER, OR, PULLED FROM EVIDENCE TO VIEW AS EVIDENCE AN TO SUBSTANTIATE PETITIONERS/AFFIANT CLAIMS AND PETITION FOR POST-CONVICTION RELIEF.

_____
AFFIANT SIGNATURE

SUBSCRIBED, AND SWORN TO BEFORE ME
THIS 28 DAY OF July      2021.

_____
NOTARY PUBLIC SIGNATURE

OFFICIAL SEAL
PATRICIA B. STEWART
Notary Public - State of Illinois
My Commission Expires 1/03/2022

NOTARY PUBLIC SEAL

(12)

PEOPLE OF THE STATE OF ILLINOIS )
      RESPONDENT, )
                   )
   -VS-           )
                   )
LUIS ROMAN          )
     PETITIONER,   )

CIR. CT. NO. 18-CF-72
HONORABLE
JENNIFER H. BAUKNECHT
Judge Presiding

## PROOF OF SERVICES

TO: LEANN DIXON, CLERK OF THE CIRCUIT COURT, LIVINGSTON COUNTY CLERK,
LIVINGSTON COUNTY COURTHOUSE, 110 N. MAIN STREET, PONTIAC, ILLINOIS 61764

TO: RANDY YEDINAK, LIVINGSTON COUNTY STATES ATTORNEY, 110 NORTH MAIN STREET
PONTIAC, ILLINOIS 61764

YOU ARE HEREBY NOTIFIED THAT ON _July 28_, 2021, I PLACED THE ATTACHED
PETITION FOR POST-CONVICTION RELIEF AND MOTION TO PROCEED IN FORMA PAUPERIS IN THE PRISON
MAIL SYSTEM AT MENARD CORRECTIONAL CENTER TO BE MAILED TO THE CLERK OF THE CIRCUIT
COURT OF LIVINGSTON COUNTY, AND, LIVINGSTON STATES ATTORNEY.

                          LUIS ROMAN M12962
                          MENARD CORRECTIONAL CENTER
                          711 KASKASKIA STREET - PO BOX 1000
                          MENARD, ILLINOIS   62259

SUBSCRIBED AND SWORN TO BEFORE ME
THIS 28 DAY OF July, 2021.

_O. Terin B. Stewart_
NOTARY PUBLIC SIGNATURE

OFFICIAL SEAL
PATRICIA B. STEWART
Notary Public - State of Illinois
My Commission Expires 1/03/2022

NOTARY PUBLIC SIGNATURE

IN THE CIRCUIT COURT OF LIVINGSTON COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS )
    RESPONDENT, )
                    )
VS-                     )
                    )    CIR. CT. NO. 18-CF-72
LUIS ROMAN          )    HONORABLE
    PETITIONER, )    JENNIFER H. BAUKNECHT
                    )    JUDGE PRESIDING

**FILED IN CIRCUIT COURT**
**LIVINGSTON COUNTY, ILLINOIS**

AUG 12 2021

*Jo Ann Dixon*
CIRCUIT CLERK

<u>MOTION TO PROCEED IN FORMA PAUPERIS AND TO APPOINT COUNSEL</u>

PETITIONER, LUIS ROMAN, COMES BEFORE THE COURT AND RESPECTFULLY REQUESTS THAT HE BE PERMITTED TO FILE THE ATTACHED PETITION FOR POST-CONVICTION RELIEF IN FORMA PAUPERIS AND TO HAVE AN ATTORNEY APPOINTED TO REPRESENT HIM IN THIS PROCEEDING.

IN SUPPORT OF THIS REQUEST, PETITIONER STATES:

1) THAT HE IS PRESENTLY INCARCERATED IN MENARD CORRECTIONAL CENTER.

2) THAT HE IS WITHOUT ANY INCOME OR ASSETS WITH WHICH TO PAY FOR THE COST OF THIS LITIGATION OR TO PROCURE COUNSEL.

3) THAT HE HAS ATTACHED AN TRUE AND CORRECT BALANCE OF THE AMOUNT WITHIN PETITIONERS ILLINOIS DEPARTMENT OF CORRECTIONS INSTITUTIONAL TRUST FUND ACCOUNT.

WHEREFORE, PETITIONER PRAYS THAT HE BE GRANTED LEAVE TO FILE AND TO PROCEED IN FORMA PAUPERIS IN THE ABOVE CAPTIONED PETITION FOR POST-CONVICTION RELIEF AND TO HAVE COUNSEL APPOINTED TO REPRESENT HIM IN THIS PROCEEDING.

                                        LUIS ROMAN M12962
                                          PETITIONER

SUBSCRIBED AND SWORN TO BEFORE ME THIS 28 DAY OF JULY, 2021

*Patricia B. Stewart*
NOTARY PUBLIC SIGNATURE

OFFICIAL SEAL
PATRICIA B. STEWART
Notary Public - State of Illinois
My Commission Expires 1/03/2022

NOTARY PUBLIC SEAL

(14)

NO. 4-21-0591

IN THE

APPELLATE COURT OF ILLINOIS

FOURTH JUDICIAL DISTRICT

| | |
|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, Respondent-Appellee. | ) APPEAL FROM THE CIRCUIT COURT ) OF the Eleventh Judicial Circ ) Livingston County, ILLINOIS |
| -VS- | ) |
| LUIS ROMAN, Petitioner-Appellant. | ) NO. 18-CF-72 ) HONORABLE ) Jennifer H. Bauknecht ) Judge Presiding |

PROOF OF SERVICE

TO: HON. Carla Bender, Clerk of the Appellate Court, Fourth Judicial District, 201 West MONROE Street, Springfield, IL 62794

MR. David J. Robinson, Deputy Director, State's Attorney Appellate Prosecutor, 725 South Second Street, Springfield, IL 62704

You are hereby notified that on November    2022, I Placed Copies of the Attached petition for Rehearing in the PRISON mail System at PONTIAC CORRECTIONAL CENTER, Addressed to the Clerk of the Appellate Court and Opposing Counsel.

SUBSCRIBED AND SWORN TO Before Me  LUIS ROMAN, M12962

this    day of _____,    PONTIAC CORRECTIONAL Center

SIGNATURE

SEAL

NO. 4-21-0591

IN THE

APPELLATE COURT OF ILLINOIS FOURTH JUDICIAL DISTRICT

| PEOPLE OF THE STATE OF ILLINOIS Respondent-Appellee, -VS- Luis Roman, Petitioner-Appellant, | APPEAL FROM the Circuit Court o: the Eleventh Judicial Circuit, Livingston County, ILLINOIS NO. 18-CF-72 Honorable Jennifer H. Bauknecht, Judge Presiding |

PETITION FOR REHEARING

Petitioner, Luis Roman, asks this Court to Reconsider it's decision For the following Reasons:

BRIEF OF POINT'S

POINT 1)

LUIS ROMAN MADE AN ARGUABLE CLAIM that HIS TRIAL COUNSEL WAS INEFFECTIVE WHERE COUNSEL FAILED TO INTERVIEW AND INVESTIGATE, OR, CALL AS WITNESSES THE PETITIONER ALIBI WITNESSES WHOSE NAMES AND AFFIDAVIT'S HAD BEEN PROVIDED TO TRIAL COUNSEL THE PETITIONER /DEFENDANT AND THE WITNESS Would HAVE BEEN ABLE TO PROVIDED TO THE COURT'S TO COORBORATE PETITIONER/ DEFENDANT WITH HIS ALIBI. THAT THE TRIAL COUNSEL FAILED TO INTERVIEW, OR, INVESTIGATE THAT PETITIONER WASN'T INDICTED WITHIN THE STATUTORY TIME LIMITATION FROM 725 ILCS 5/109-3.1 (b) THE DATE OF BEING CHARGED /ARRESTED, OF 60 DAYS from the date he WAS ARRESTE

THAT THE TRIAL COUNSEL FAILED TO PRESENT THE CAMERA VIDEO FOOTAGE AT THE BENCH TRIAL, AND FURTHER USED IT TO LAY OUT THE "FOUNDATION OF IMPEACHMENT EVIDENCE" WHEN "HE" Public Defender /TRIAL COUNSEL improperly PUT UP AN VAGUE ARGUEMENT ON THE MATTER of IMPEACHMENT of STATE WITNESSES TESTIMONIES.

, AND,

Luis ROMAN MADE ~~~~~ ARGUABLE CLAIM that the LIVINGSTON County states Attorney's office Knowingly AND BLUNTANTLY USED FALSE/PERJURED TESTIMONY OF C/O ANTON R. FRAZIER; C/O STEVEN TUTOKY; AND; LT. ADRIAN CORLEY TO OBTAIN AN WRONGFUL/MALICIOUS Conviction; PROSECUTOR MISCONDUCT FOR NOT DISCLOSING EXCULPATORY & EXONERATING EVIDENCE, AND, STILL PROSECUTING THE CASE UNDER THE MALICIOUS PROSECUTION & INVINDICTIVE PROSECUTION STANDARDS.

, AND,

ABUSE OF LIVINGSTON COUNTY TRIAL COURT DISCREPTION TRIAL COURT ERROR.

, AND,

INEFFECTIVE ASSISTANCE OF THE APPELLATE COUNSEL ASSISTANCE ON APPEAL.

, AND,

PETITIONER HAS OBTAIN NEWLY DISCOVERED EVIDENCE WHICH PROVES PERJURY & IT'S EXONERATING/EXCULPATORY EVIDENCE IN NATURE OF THE ALLEDGED OFFENSE OF AGGRAVATED BATTERY, AND, THE Admission of ~~~~~ PERJURY, AND, CONSISTENT PERJURY TESTIMONY